UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Clarence RANSOM,
Defendant–Appellant.

No. 90–6403.

United States Court of Appeals,
Tenth Circuit.

Aug. 21, 1991.

June E. Tyhurst, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Edward J. Kumiega, Asst. U.S. Atty., (Timothy D. Leonard, U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY and SETH, Circuit Judges, and BROWN, District Judge.*

WESLEY E. BROWN, Senior District Judge.

Defendant Ransom was charged in a one count information with violating 18 U.S.C. § 2241(c). That section provides: "Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both." The complaint filed against Mr. Ransom alleged that he engaged in sexual intercourse with a female minor under the age of twelve at Fort Sill Military Reservation in Oklahoma. By way of a pretrial motion, the defendant sought permission to assert a defense of reasonable mistake as to the age of the victim. The district court denied the motion. The defendant entered into a conditional guilty plea that preserved his right to appeal the issues raised in the motion and was sentenced to a term of imprisonment of 135 months. On appeal, the defendant challenges both the denial of his pretrial motion and the sentence imposed by the district court. We affirm.

■ Appellant first argues that he was deprived of due process of law by the district court's ruling that he could not assert a defense of reasonable mistake as to the victim's age.[1] He contends that it is a deprivation of liberty without due process to convict a person of a serious crime without a showing of criminal intent. (*citing Alaska v. Guest*, 583 P.2d 836 (Alaska 1978)). In *Morissette v. United States*, 342 U.S. 246, 251, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952), the Supreme Court recognized that an intent requirement in criminal statutes was the general rule at common law. The Court specifically noted several recognized exceptions, however, including "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent." *Id.* at 251 n. 8, 72 S.Ct. at 244 n. 8. Although a few state courts have found otherwise, the majority of courts that have considered the issue have rejected the reasonable mistake of age defense to statutory rape absent some express legislative directive. *Id.* (*citing* Annot. 8 A.L.R.3d 1100). *See also* 65 Am.Jur.2d Rape § 36 ("It is generally held in the absence of statute, that the defendant's knowledge of the age of the female is not an essential element of the crime of statutory rape and therefore it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent.").

■ Appellant contends that the lack of an element of intent renders the statute unconstitutional. But the legislature has wide latitude to declare what constitutes an offense against society and to define the elements that constitute such an offense. *Cf. Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). The Supreme Court has recognized that the legislature's authority to define an offense includes the power "to exclude elements of knowledge and diligence from its definition." *Lambert v. California*, 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957). *See also United States v. Balint*, 258 U.S. 250, 251–52, 42 S.Ct. 301, 302, 66 L.Ed. 604 (1922) ("While the general rule at common law was that the scienter was a necessary element in the indictment and proof of every crime ..., there has been a modification of this view in respect to prosecutions under statutes the purpose

---

* The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

1. Alternatively, appellant argues that we should interpret 18 U.S.C. § 2241(c) to contain an implied defense of reasonable mistake of age. Congress intended otherwise, however. Section 2241(d) provides: "In a prosecution under subsection (c) of this section, the Government need not prove that the defendant knew that the other person engaging in the sexual act had not attained the age of twelve years." The legislative history behind this section makes clear that Congress intended this offense to be a "strict liability" offense. H.R.Rep. No. 594, 99th Cong., 2nd Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News 6186, 6195 ("Thus, there is strict liability as to the age of the victim").

of which would be obstructed by such a requirement.") In order to show that the exercise of that power is inconsistent with due process, appellant must demonstrate that the practice adopted by the legislature "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Snyder v. Massachusetts,* 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934). That is not the case here. The history of the offense of statutory rape indicates that from ancient times the law has afforded special protection to those deemed too young to understand the consequences of their actions.[2] The more prevalent view seems to be that these statutory provisions did not require the prosecution to show that a defendant believed the victim to be under the lawful age of consent and that no defense was allowed for a reasonable mistake of age. *See United States v. Brooks,* 841 F.2d 268, 269 (9th Cir.1988) (*citing* R. Perkins, *Criminal Law* 152–53 (2d ed. 1969), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 922 (1988)). *See also* H.R.Rep. No. 594, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News 6186, 6197 ("At common law there was no such defense."). *But see* Myers, *Reasonable Mistake of Age,* 64 Mich.L.Rev. 105, 110 (1965) ("Reasonable mistake of age has never been denied as a defense in an English statutory rape case.") The weight of authority in this country indicates that statutory rape has traditionally been viewed as a strict liability offense. *See* 8 A.L.R.3d 1100 and 1 Wharton's Crim. Law & Proc. § 321 ("It is immaterial that the defendant in good faith believed that the female was above the prohibited age. . . .").

The long history of statutory rape as a recognized exception to the requirement of criminal intent undermines appellant's argument that the statute in question offends principles of justice deeply rooted in our traditions and conscience. *Cf. Powell v. Texas,* 392 U.S. 514, 535–36, 88 S.Ct. 2145, 2155–56, 20 L.Ed.2d 1254 (1968) ("[T]his Court has never articulated a general constitutional doctrine of mens rea.")[3] In addition to this history, the consideration of other factors persuades us that § 2241(c) does not offend due process. The statute does not impinge on other protected constitutional rights. *See Nelson v. Moriarty,* 484 F.2d 1034, 1035 (1st Cir.1973) (Statutory rape provision was unaffected by Supreme Court decisions relating to procreative privacy). Moreover, the statute rationally furthers a legitimate governmental interest. It protects children from sexual abuse by placing the risk of mistake as to a child's age on an older, more mature person who chooses to engage in sexual activity with one who may be young enough to fall within the statute's purview. *See id.* Such a strict rule may reasonably be expected to have some deterrent effect. The statute is based on a legislative determination that "no credible error of perception would be sufficient to recharacterize a child of such tender years as an appropriate object of sexual gratification." H.R.Rep. No. 594, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News at 6195–96. In sum, we find that § 2241(c) does not violate the principles of due process.

■ Appellant also contends that the statute denies him equal protection of the laws because it arbitrarily denies him a defense of mistake of age while providing such a defense to those accused of engaging in sexual relations with minors twelve years or older. Appellant does not contend that a heightened standard of scrutiny is appropriate here; we therefore review the statute only to determine whether it classifies individuals in an arbitrary manner unrelated to any legitimate governmental ob-

---

**2.** Blackstone indicated that by the year 1275 the law in England prohibited "carnally knowing and abusing any woman child under the age of ten years; in which case the consent or non-consent is immaterial, as by reason of her tender years she is incapable of judgment and discretion." 4 Blackstone Comm. *212. (citing 3 Edw.I Westm. 1. ch. 13).

**3.** *See also Lambert, supra,* 355 U.S. at 228, 78 S.Ct. at 242: "We do not go with Blackstone in saying that 'a vicious will' is necessary to constitute a crime, 4 Bl Comm *21, for conduct alone without regard to the intent of the doer is often sufficient."

jective. *See United States v. Woods,* 888 F.2d 653, 656 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990).[4] We have no difficulty in concluding that the distinction to which appellant objects is a permissible legislative choice. As we discussed in the preceding paragraph, the statute legitimately furthers the government's interest in protecting children from sexual abuse. To say that the distinction drawn by the statute is based upon experience is an understatement; it reflects a judgment based upon centuries of insight concerning human nature.[5] In light of this background, Congress determined that strict liability was appropriate because no credible error of perception could regard a child under the age of twelve as an appropriate object of sexual gratification and that to do so would be nothing less than "a dramatic departure from societal norms." *See* 1987 U.S.Code Cong. & Admin.News at 6198. Appellant has not shown this determination to be in error.[6] Accordingly, we cannot say that the statute results in a classification so unrelated to the government's interest in protecting children from sexual abuse as to be irrational.

Appellant next challenges the sentence imposed by the district court. Appellant contends that an enhancement to his offense level based on the victim's age constituted impermissible "double counting" under the guidelines.

■ Appellant does not dispute that the appropriate guideline for his offense was U.S.S.G. § 2A3.1, which sets forth a base offense level of 27. In calculating appellant's adjusted offense level, the district court added a four level enhancement pursuant to U.S.S.G. § 2A3.1(b)(2)(A), which provides: "If the victim had not attained the age of twelve years, increase by 4 levels...." Appellant contends that this four level enhancement was inappropriate because the age of the victim was already taken into account in the base offense level of 27. In support of this, appellant states that if the victim of this crime had been fifteen years old instead of under twelve, the applicable guideline would have been U.S.S.G. § 2A3.2, which carries a base offense level of only 15. Appellant maintains that the only material difference between 2A3.1 and 2A3.2 is the age of the victim. Thus, he concludes, the base offense level of 2A3.1 necessarily takes into account the age of the victim and it is inappropriate to enhance that level based on a fact already considered.

This argument is without merit for two reasons. First, there can be no dispute that the district court applied the guidelines in the manner indicated by the Sentencing Commission. The background comments show that § 2A3.1 was the appropriate guideline in this case and that a four level enhancement was correctly added to the base level because the victim was under twelve years old. *See* U.S.S.G. § 2A3.1, comment. (backg'd). Second, we cannot agree that the Sentencing Commission must have fully incorporated the age

4. We assume for purposes of argument that the defendant is sufficiently "similarly situated" to a defendant accused of statutory rape of a minor over the age of twelve to raise equal protection concerns. *Cf. Woods,* 888 F.2d at 656.

5. Appellant suggests that the statute may be faulty because it raises the age of those protected to twelve years of age, pointing out that early statutes provided for strict liability when the victim was under ten years of age. This change does not render the statute unconstitutional. The change from common law was based on Congress' determination that the rationale behind the statute applied equally to children under the age of twelve. Moreover, it appears that children under the age of twelve were protected to some degree at common law. *See* 4 Blackstone Comm. *212: "Sir Mathew Hale is indeed

of opinion, that such profligate actions committed on an infant, under the age of twelve years, the age of female discretion by the common law, either with or without consent, amount to rape and felony; as well since, as before the statute of queen Elizabeth: but that law has in general been held only to extend to infants under ten; though it should seem that damsels between ten and twelve are still under the protection of the statute Westm.1...."

6. Indeed, appellant's arguments do not contravene this finding. He contends that he reasonably believed that the female minor in question was fifteen years old. Even if the facts were as the defendant supposed them to be, his conduct would still constitute sexual abuse of a minor under 18 U.S.C. § 2243.

of the victim into the base offense level by designating § 2A3.1 as the appropriate guideline for offenses under 18 U.S.C. § 2241(c). According to the Sentencing Commission, the base offense level chosen represents sexual abuse as set forth in 18 U.S.C. § 2242. *See* U.S.S.G. § 2A3.1, comment. (backg'd). Sexual abuse under § 2242 apparently includes engaging in a sexual act with any person who is "incapable of appraising the nature of the conduct." Although a child under twelve is clearly such a person, we cannot say that the Commission necessarily set a base offense level that reflects all of the harm caused by engaging in sexual conduct with a child under twelve. The Commission may have determined that the base offense level, while representing a lowest "common denominator" for the offenses grouped under U.S.S.G. § 2A3.1, does not adequately punish a defendant for his conduct when the victim is so young. *Cf. United States v. Goldbaum*, 879 F.2d 811, 814 (10th Cir. 1989) (Sentencing Commission may have intended to distinguish between offenses grouped in a broad base offense level by adding points to the criminal history score for certain offenses.) We see no room for interpreting the guidelines in a contrary manner when the plain language used by the Commission directs the district court to enhance the base offense level if the victim is under twelve years old. *See United States v. Florentino*, 922 F.2d 1443, 1446 (10th Cir.1990) ("[T]he Guidelines should be interpreted as if they were a statute or court rule; therefore we follow the clear, unambiguous language of the guidelines unless there is a contrary intent.")

■ Appellant's final argument is that the enhancement of his sentence under U.S.S.G. § 2A3.1(b)(2)(A) "violates the goal of proportionality in sentencing and due process of law." Appellant's Brief at 24. Appellant cites no authority in support of this argument and we find it to be without merit. Insofar as appellant is objecting to the sentencing guidelines because they fail to distinguish between a defendant who commits the instant offense with knowledge as to the minor's age and a defendant who commits the offense without such knowledge, we think it sufficient to point out that the guidelines provide a range within which the district court may impose sentence on those who commit the offense. This range allows the sentencing judge to consider all of the factors involved in a particular case and to exercise his or her discretion to impose an appropriate sentence based on the facts of the case. The district court in the instant case did just that by sentencing appellant to the low end of the applicable sentencing range. We find no error in the sentence imposed.

The judgment of the district court is AFFIRMED.