**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph G. WARD, Defendant–Appellant.**

**No. 91–6115.**

United States Court of Appeals,
Tenth Circuit.

Feb. 14, 1992.

Roger L. McMillian and Robert M. Murphy, Jr., Stillwater, Okl., for defendant-appellant.

Edward J. Kumiega, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before LOGAN and McWILLIAMS, Circuit Judges, and SPARR, District Judge.[*]

McWILLIAMS, Circuit Judge.

In a one-count indictment, Joseph G. Ward, an Indian, age 72 years, was charged with unlawfully engaging in sexual contact[1] with F.R.T., a female Indian child, 10 years of age, on an Indian allotment in Oklahoma, in violation of 18 U.S.C. § 2244(a)(1). Ward filed a petition to enter a plea of no contest. This petition was granted, and Ward was allowed to plead no contest. After a pre-sentence report was filed, the district court sentenced Ward to imprisonment for 21 months, fined him $7,500, plus a special assessment of $50, and ordered that he be on supervised release for two years after his release from prison. Pursuant to 18 U.S.C. § 3742(a)(2), Ward appeals, contending that the district court misunderstood, and misapplied, the applicable sentencing guidelines. At the outset, the applicable statutes and guidelines should be identified.

As stated, Ward was charged under 18 U.S.C. § 2244(a)(1), which reads as follows:

**Abusive sexual conduct**

**(a) Sexual conduct in circumstances where sexual acts are punished by this chapter.**—Whoever, in the special maritime and territorial jurisdiction of the United States, or in a Federal prison, knowingly engages in or causes sexual contact with or by another person, if so to do would violate—

> (1) section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both;

18 U.S.C. § 2241, mentioned in 18 U.S.C. § 2244(a)(1), reads in its entirety as follows:

**Aggravated sexual abuse**

**(a) By force or threat.**—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly causes another person to engage in a sexual act—

> (1) by using force against that other person; or

> (2) by threatening or placing that other person in fear that any person will

---

[*] Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation.

1. A "sexual contact" is to be distinguished from a "sexual act," as those terms are defined in 18 U.S.C. § 2245.

be subjected to death, serious bodily injury, or kidnaping;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

**(b) By other means.**—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly—

(1) renders another person unconscious and thereby engages in a sexual act with that other person; or

(2) administers to another person by force or threat of force, or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby—

(A) substantially impairs the ability of that other person to appraise or control conduct; and

(B) engages in a sexual act with that other person;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

**(c) With children.**—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

**(d) State of mind proof requirement.**— In a prosecution under subsection (c) of this section, the Government need not prove that the defendant knew that the other person engaging in the sexual act had not attained the age of 12 years.

18 U.S.C. § 2242, which is mentioned in the Sentencing Guidelines with which we are here concerned, provides as follows:

**Sexual abuse**

Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly—

(1) causes another person to engage in a sexual act by threatening or plac-

ing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping); or

(2) engages in a sexual act with another person if that other person is—

(A) incapable of appraising the nature of the conduct; or

(B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act;

or attempts to do so, shall be fined under this title, imprisoned not more than 20 years, or both.

Ward was sentenced, pursuant to § 2A3.4 of the Sentencing Guidelines, which reads as follows:

**§ 2A3.4. Abusive Sexual Contact or Attempt to Commit Abusive Sexual Contact**

(a) Base Offense Level:

(1) **16,** if the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b);

(2) **12,** if the offense was committed by the means set forth in 18 U.S.C. § 2242;

(3) **10,** otherwise.

(b) Specific Offense Characteristics

(1) If the victim had not attained the age of twelve years, increase by 4 levels; but if the resulting offense level is less than 16, increase to level 16.

(2) If the base offense level is determined under subsection (a)(1) or (2), and the victim had attained the age of twelve years but had not attained the age of sixteen years, increase by 2 levels.[2]

Under Sentencing Guidelines § 2A3.4(a)(3), the district court set Ward's base offense level at 10. Sentencing Guidelines § 2A3.4 provides that if the offense for which the defendant stands convicted is set forth in 18 U.S.C. § 2241(a) or (b), i.e., the sexual act, or in our case "sexual contact," is committed either by force or

---

**2.** Ward was sentenced under the November 1, 1990 Sentencing Guidelines which were in effect

at the time of his arrest.

fear of death or serious bodily injury, the base offense level is 16. Counsel agree that this particular sub-section has no application to the present case. There was no use of force or fear of death here. That same guideline then goes on to provide that if the offense for which the defendant stands convicted is set forth in 18 U.S.C. § 2242, i.e., "sexual abuse" short of "aggravated sexual abuse," as the latter is set forth in 18 U.S.C. § 2241(a), the base offense level is 12. Counsel also agree that this particular sub-section has no application to the present case. Counsel further agree that, by the process of elimination, Ward's base offense level, under § 2A3.4(a)(3), is 10.

■ However, the district court, acting pursuant to § 2A3.4(b)(1), then increased Ward's base offense level from 10 to 16. That particular sub-section provides that if the victim had not attained the age of twelve years at the date of the offense, which F.R.T. had not, then the defendant's base offense level should be increased by 4 levels, but if the resultant base offense level is less than 16, then the base offense level should be increased to 16. Counsel argues that increasing the base offense level from 10 to 16 constitutes "double counting" and under the Guidelines should be eschewed. In other words, counsel argues that the age of Ward's victim, i.e., under twelve, was factored into the initial base offense level of 10 and that it was improper to factor the victim's age into the base offense level a second time and thereby increase the base offense level from 10 to 16.[3]

A recent case of this court, decided after the sentencing in the instant case, dictates that Ward's "double counting" argument be rejected. *See United States v. Ransom,* 942 F.2d 775 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 897, 116

L.Ed.2d 799 (1992). The defendant in *Ransom* entered a conditional plea of guilty to engaging in a "sexual act" with one under the age of twelve in violation of 18 U.S.C. § 2241(c). Under the applicable sentencing guideline, § 2A3.1, Ransom's base offense level was 27. Under § 2A3.1(b)(2)(A), which provides that there be an increase of four levels if the victim of the "sexual act" is under the age of twelve, the district court increased Ransom's base offense level to 31. Ransom contended that this was impermissible double counting because the age of the victim was already taken into account in fixing the base offense level of 27. We rejected that argument and held that the increase in the base offense level because of the age of the victim was permissible. In so holding, we stated that: "[T]he base offense level, while representing a lowest 'common denominator' for the offenses grouped under U.S.S.G. § 2A3.1, does not adequately punish a defendant for his conduct when the victim is so young...." *Id.* at 779 (citation omitted). It is true that in *Ransom* we were concerned with a "sexual act," rather than a "sexual contact," the latter being the basis for the present case. But such, in our view, does not justify a different result in the present case from that in *Ransom.* The important teaching of *Ransom* is that even though the "under the age of twelve" factor was present in determining the base offense level of Ransom, such did not preclude increasing the base offense level in that case by four levels where the victim of the sexual act was under the age of twelve years. It would, to us, be inconsistent to hold that in a case involving a sexual act it was not double counting to increase the base offense level because of the age of the victim, but that it would be double counting where a child under the age of twelve is the victim in an abusive sexual contact case.[4]

---

**3.** We are here concerned with an "enhancement" of the base offense level. We are not concerned with an "upward departure" outside the sentencing range based on aggravating circumstances as provided for in § 5K2.0. The latter was involved in *United States v. Zamarripa,* 905 F.2d 337 (10th Cir.1990), relied on by Ward.

**4.** The Commentary under § 2A3.4 states specifically that "[e]nhancements are provided for victimizing children or minors." However, that same Commentary then goes on to state that "[t]he enhancement under subsection (b)(2) [i.e., an increase of two levels where the base offense level is determined under subsection (a)(1)(2) and the victim had attained the age of

■ Ward also claims that the district court erred in rejecting his request that he be given a two-level reduction in his base offense level because of his "acceptance of responsibility." In that regard, Sentencing Guidelines § 3E1.1 reads as follows:

U.S.S.G. § 3E1.1.

### Acceptance of Responsibility

(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

(b) A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial.

(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

The district judge did indicate that he had some concern that a "no-contest" plea would, by its very nature, preclude any downward reduction in a defendant's base offense level for acceptance of responsibility.[5] However, in our view the district judge did not stake his refusal to give a two-level reduction for acceptance of responsibility on that ground. In this connection, the probation officer in her report declined to recommend a two-level reduction on the ground of acceptance of responsibility because of her belief that in her interviews with Ward he had been somewhat evasive and by no means direct in accepting blame. We are advised that in his initial interview with the FBI Ward denied any wrongdoing. We are further advised that in petitioning the district court to accept his plea of no contest, Ward was primarily concerned with defending against a possible civil suit in which an outright guilty plea would possibly constitute *prima facie* evidence of civil liability. Counsel argues that such undercuts Ward's claim that he clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct.

All things considered, we do not believe that the district court's rejection of Ward's request for a two-level reduction in his base offense level because of his acceptance of responsibility was clearly erroneous. *United States v. Dennison*, 937 F.2d 559 (10th Cir.1991), *Cert. Denied*, —— U.S. ——, 112 S.Ct. 886, 116 L.Ed.2d 789 (1992); *United States v. Spedalieri*, 910 F.2d 707 (10th Cir.1990). As noted, 3E1.1 states that if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, he may be entitled to a two-level reduction in his base offense level." In this regard, Ward had the burden of proof. At the sentencing hearing, both the FBI agent and the probation officer testified. Ward did not testify. The state of the record is such as to support the district judge's holding that because of the "inconsistency" of Ward's various statements to the authorities, there was not a "complete acceptance of full responsibility which would allow the defendant to receive a two-point benefit." Under the described circumstances, the district court's ruling that Ward should not be entitled to a two-level reduction for acceptance of responsibility should be given "great deference." *Unit-*

___

twelve years but had not attained the age of sixteen years] does not apply, however, where the base offense level is determined under subsection (a)(3), because an element of the offense to which that offense level applies is that the victim had attained the age of twelve years but had not attained the age of sixteen years." We note that there is no similar Commentary where the victim is *under* the age of twelve years. Apparently a distinction is to be made depending on whether the victim is over, or under, the age of twelve years.

5. In this regard, we note that Sentencing Guideline § 3E1.1(b) provides that a defendant who pleads not guilty and is thereafter convicted may nonetheless be "given consideration" for a two-level reduction for acceptance of responsibility. Such being the case, it would seem that a defendant who pleads no contest may also be "given consideration" for a reduction in his base offense level because of his acceptance of responsibility.

**742**

*ed States v. Spedalieri,* 910 F.2d 707, 712 (10th Cir.1990).

Judgment and sentence affirmed.