986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Isaura ROCHA, a/k/a Isaura Galvan, Defendant-Appellant.
 No. 92-3024.
 United States Court of Appeals, Tenth Circuit.
 Dec. 30, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Isaura Rocha appeals from her conviction for creating and supplying false documents to the Immigration and Naturalization Service (INS) and for conspiracy to defraud the INS. She argues that the district court committed reversible error by admitting evidence of her prior conduct involving fraudulent immigration applications. She also contends that the district court erred by applying an incorrect guideline and by failing to grant her a downward departure for her acceptance of responsibility.
 
 
 3
 Ms. Rocha assisted aliens in completing applications for the seasonal agricultural worker (SAW) amnesty program, both on her own and in her previous employment with Harvest America. According to the Government, Ms. Rocha completed the SAW applications either without verifying the employment information or by filling in false employment information. Harvest America terminated Ms. Rocha for substantially the same conduct and stated so in a letter.
 
 
 4
 We review the trial court's admission of evidence for abuse of discretion. United States v. Temple, 862 F.2d 821, 822 (10th Cir.1988). Rule 404(b) "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears on a relevant issue in the case such as motive, opportunity, or knowledge."[1] Huddleston v. United States, 485 U.S. 681, 685 (1988). The Government used the circumstances of Ms. Rocha's termination from Harvest America during her cross-examination. Ms. Rocha argues that this use was improper and prejudicial in that the Government did not present any evidence that she was fired specifically due to violations of the immigration laws.[2]
 
 
 5
 "The terminology 'crimes, wrongs, or acts' [in Rule 404(b) ], indicates that conduct that is neither criminal nor unlawful is [admissible] if it ... is relevant to something other than propensity." 2 J. Weinstein & M. Berger, Weinstein's Evidence, p 404, at 404-48 (1992). Thus, the government need not prove a legal violation in order for Ms. Rocha's improprieties in her previous employment to constitute "other acts" under Rule 404(b). Moreover, evidence in the record supports the reason for Ms. Rocha's termination. In fact, Ms. Rocha herself testified that she was terminated for improprieties in the applications she completed. Rec., vol. IV, at 722.
 
 
 6
 The Government argues that the termination was used to prove knowledge, motive, and absence of mistake. Ms. Rocha's defense was based on her lack of knowledge of the falsity of the information contained in the applications. It was therefore proper to allow use of the circumstances of her termination to rebut Ms. Rocha's defense and to prove knowledge.
 
 
 7
 Ms. Rocha next argues that the district court incorrectly sentenced her under Sentencing Guideline 2L2.1 rather than under 2L2.2. We review de novo the district court's determination of which guideline is most appropriate. United States v. Smith, 919 F.2d 123, 125 (10th Cir.1990). Ms. Rocha was convicted under 8 U.S.C. § 1160(b)(7)(A)(ii) (1988) and 18 U.S.C. § 371 (1988). Appendix A of the Guidelines lists both 2L2.1 and 2L2.2 as applicable guidelines.[3] When more than one guideline is listed, we "use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted." U.S.S.G.App. A (1991). Guideline 2L2.1 applies to "Trafficking in Evidence of Citizenship or Documents Authorizing Entry," while guideline 2L2.2 applies to "Fraudulently Acquiring Evidence of Citizenship or Documents Authorizing Entry for Own Use." Ms. Rocha was convicted for completing applications on behalf of others, not an application for herself. Therefore, guideline 2L2.1 is the more appropriate of the two and the district court did not err in sentencing Ms. Rocha under it.
 
 
 8
 Ms. Rocha also argues that the base offense level should have been reduced since she did not commit these offenses "for profit."[4] The trial court's application of the guidelines to the facts is given due deference. United States v. Uresti-Hernandez, 968 F.2d 1042, 1047 (10th Cir.1992). We will not reverse the district court's factual findings unless clearly erroneous. Id. The commentary to Guideline 2L2.1 defines the term "for profit" to mean "for financial gain or commercial advantage." U.S.S.G. § 2L2.1, comment. (n. 1); see also Uresti-Hernandez, 968 F.2d at 1047 (payment of $750 to defendant for transportation of illegal alien is offense committed "for profit"). The record demonstrates that Ms. Rocha charged money for these applications. See rec., vol. III, at 650. Therefore, she achieved financial gain by her conduct and the district court did not err in refusing to reduce the base offense level.
 
 
 9
 Ms. Rocha's final argument also advocates a reduction in sentencing. The guidelines state that "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his [or her] criminal conduct, reduce the offense level by 2 levels." U.S.S.G. § 3E1.1(a). Ms. Rocha argues that the sentencing judge and the probation officer did not consider her acceptance of responsibility and erroneously failed to reduce her offense level. She contends she demonstrated acceptance of responsibility in that, through counsel at her sentencing, she accepted the verdict and "was sincerely sorry for any harm she had caused." Appellant's Br. at 12. Ms. Rocha argues that these "aspects of contrition" constitute acceptance of responsibility and she is therefore entitled to a reduction in offense level.
 
 
 10
 A district court's determination to grant a reduction is reviewed under the clearly erroneous standard. United States v. Ward, 957 F.2d 737, 741 (10th Cir.1992). The reduction for acceptance of responsibility is "not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted and then admits guilt and expresses remorse." U.S.S.G. § 3E1.1(a), comment. (n. 2). The district court thus may find that acceptance of responsibility post-trial is untimely and does not qualify for the two-level reduction. United States v. Pelayo-Munoz, 905 F.2d 1429, 1431 (10th Cir.1990) (acceptance of responsibility at sentencing hearing does not qualify defendant for two-level reduction); see also United States v. Dennison, 937 F.2d 559, 566-567 (10th Cir.1990) (same), cert. denied, 112 S.Ct. 886 (1992). Ms. Rocha did not express "contrition" until the pre-sentencing interview and in her objections to the pre-sentencing report. Under these circumstances, the district court was not clearly erroneous in denying her a reduction in base offense level.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Fed.R.Evid. 404(b) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 [2]
 The letter was not offered into evidence but rather was used to refresh Ms. Rocha's recollection concerning her termination from Harvest America. Rec., vol. IV, at 720-722
 
 
 [3]
 The relevant guideline for conspiracy to defraud the government is 2X1.1 which sets the base level offense as that of the substantive offense. Thus, the two relevant guidelines are 2L2.1 and 2L2.2
 
 
 [4]
 "If the defendant committed the offense other than for profit, decrease by 3 levels." U.S.S.G. § 2L2.1(b)(1)