999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rebecca DE LA ROSA, Defendant-Appellant.
 No. 92-2204.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this direct criminal appeal we must decide whether the district court erred in imposing a sentence at the top of the sentencing guideline range after refusing to grant defendant Rebecca De La Rosa a two-point reduction in offense level for acceptance of responsibility. We will reverse only if the district court clearly erred in refusing to reduce defendant's offense level when imposing sentence. United States v. Ward, 957 F.2d 737, 741 (10th Cir.1992).
 
 
 3
 Defendant was indicted on a single count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). She pleaded guilty and entered into a Memorandum of Understanding regarding that plea on March 20, 1991. Sentencing was set for the following June 11. When defendant failed to appear at sentencing, the district court issued a bench warrant for her arrest. She was apprehended more than a year later, and ultimately sentenced to twenty-seven months in prison, followed by three years of supervised release. She is under separate indictment for failing to appear at the original sentencing, in violation of 18 U.S.C. § 3146(a)(2).
 
 
 4
 It is the defendant's burden to prove by a preponderance of the evidence mitigating factors to support a reduction in offense level for acceptance of responsibility. United States v. Amos, 984 F.2d 1067, 1073 (10th Cir.1993); U.S.S.G. § 3E1.1 comment. (n. 3). Defendant has acknowledged that her failure to appear for sentencing is conduct for which a two-point reduction in offense level might be denied. Appellant's Br. at 3; U.S.S.G. § 3E1.1 comment. (n. 1). We agree with the district court that defendant's conduct, including purposely refusing to appear at her original sentencing hearing and remaining at large for over a year until she was again apprehended, are inconsistent with acceptance of responsibility.
 
 
 5
 The second portion of defendant's argument is that receiving a sentence at the top of the guideline range constituted "double-counting." She argues that because the district court considered her failure to appear at sentencing when imposing a sentence at the top of the guideline range and because she may yet be sentenced for violating 18 U.S.C. § 3146(a)(2), that she is being punished twice for the same conduct. We disagree. Having denied defendant the two-point reduction she sought for acceptance of responsibility, the court's sentence was within the proper guideline range. A sentence within a proper guideline range may not be reviewed on appeal "other than for facial illegality, improper calculations, or clearly erroneous fact findings." United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir.1990). The district court noted other factors than defendant's escape, including her active role in an ongoing drug-related operation, as a basis for the sentence it imposed.
 
 
 6
 The only remotely possible argument defendant can make here for our review is that somehow the sentence violates the Guidelines because of the potential future sentence for escape. Chapter Three of the Guidelines deals with adjustments to sentences; Part D therein addresses grouping multiple counts. That portion of the Guidelines is designed "to limit the significance of the formal charging decision and to prevent multiple punishment for substantially identical offense conduct" by treating certain counts as a single offense for sentencing purposes. Defendant's subsequent indictment under 18 U.S.C. § 3146(a)(2) was for conduct completely independent of the drug charge. Her sentence on the drug charge concerned conduct that was neither contemporaneous with nor "substantially identical" to her failure to appear for sentencing. There is no violation of the Guidelines in the instant case.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3