**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

DANIEL NATHAN STARR,

  Defendant - Appellant.

No. 98-2065
(D.C. No. CR-97-420)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

Daniel Nathan Starr appeals his jury conviction for aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a) and 2246(2). This court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

On June 24, 1997, appellant and the victim, residents of the Mescalero Apache Reservation in New Mexico, attended an outdoor party at the reservation's feast grounds. Appellant took the victim to a wooded area near the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

party where he hit her, slashed her face and finger with broken glass, forced her to perform oral sex, and forcibly penetrated her genitalia with his fingers. The victim escaped to a nearby road after appellant passed out, and she was picked up and taken to the reservation medical clinic by a passing motorist. As a result of the assault, the victim sustained injuries including a lacerated face, a deep cut to her ring finger, bruises, and a broken ankle. Appellant was convicted of four counts of assault and aggravated sexual abuse by a jury and sentenced to twenty years in prison.

Appellant raises three claims on appeal. He argues that his conviction should be reversed because 18 U.S.C. § 2241(a) is unconstitutionally overbroad and underbroad resulting in a denial of his due process rights.[1] He also claims that 18 U.S.C. § 2241(a) is unconstitutionally vague, resulting in a denial of due process. Finally, he asserts that his trial counsel rendered constitutionally ineffective assistance by failing to object to the constitutionality of § 2241(a) and by failing to request a jury instruction regarding lack of consent. We examine these arguments in turn.

---

[1] Appellant's argument that the statute is unconstitutionally underbroad is wholly without merit. Appellant himself devotes only one sentence to this argument, claiming that the statute fails because "a person who did not consent to a sexual act, but who was not forced or threatened . . . has no recourse against their assailant." Appellant's Br. at 20. Even if appellant's claim were true, exclusion of such a crime would not render the statute unconstitutional. See United States v. Ransom, 942 F.2d 775, 777-78 (10th Cir. 1991).

# I

Given appellant's conceded failure to raise his constitutional challenges to 18 U.S.C. § 2241(a) before the district court, the court reviews this matter for plain error. See Fed. R. Crim. P. 52(b); United States v. Orr, 864 F.2d 1505, 1508-09 (10th Cir. 1988). Plain error is error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993) (citation omitted).

To determine whether a statute is unconstitutionally overbroad, we consider "whether the enactment reaches a substantial amount of constitutionally protected conduct." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982). "If it does not, then the overbreadth challenge must fail." Id.

To determine whether a statute is void for vagueness, we consider whether the statute provides a defendant with fair warning of the particular conduct that it prohibits. See United States v. Walker, 137 F.3d 1217, 1219 (10th Cir. 1998). The statute must define the prohibited conduct with sufficient specificity so that ordinary people can understand the law's requirements and so the law does not encourage arbitrary and discriminatory enforcement. See Kolender v. Lawson, 461 U.S. 352, 357 (1983). Where a vagueness challenge does not implicate the First Amendment, we review the statutory challenge only with respect to the

particular conduct charged. See Flipside, 455 U.S. at 495 n.7 (citations omitted); Walker, 137 F.3d at 1219. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Flipside, 455 U.S. at 495.

The statutory language at issue in this case provides as follows:

§ 2241. Aggravated sexual abuse

(a) By force or threat.—Whoseoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly causes another person to engage in a sexual act—

(1) by using force against that other person;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241. Forcible fellatio and forcible penetration of the genitalia by the hand or finger of another constitute "sexual acts" under the statute. See 18 U.S.C. § 2246(2).

## II

We reject appellant's contention that 18 U.S.C. § 2241(a) is overly broad. Appellant argues that § 2241(a) is unconstitutional because absent a lack-of-consent element, it prohibits all violent sex, even consensual violent sex. We must consider, as an initial matter, whether the statute reaches a substantial amount of constitutionally protected conduct. See Flipside, 455 U.S. at 494-95.

We conclude that it does not; the statute prohibits sexual abuse and rape. There is no support for the theory that such conduct is protected by the Constitution. Even assuming the right to engage in sexual relations is constitutionally protected, appellant has no right to engage in sexual assault. That is what the statute prohibits, and that is what the record indicates occurred in this case.

Moreover, the statute is not constitutionally infirm because it contains no explicit lack-of-consent element. "[T]he legislature has wide latitude to declare what constitutes an offense against society and to define the elements that constitute such an offense." Ransom, 942 F.2d at 776. The statute's requirement of force or threat of force is sufficient to exclude from its ambit constitutionally protected conduct.

### III

We also reject appellant's assertion that this statute is unconstitutionally vague. Here, again, appellant points to the absence of a "lack of consent" element in the statute in support of his claim. Appellant argues that the absence of this element deprives citizens of sufficient guidance regarding the prohibited conduct and will lead to arbitrary and discriminatory enforcement of the statute. This argument, too, lacks merit. Assessing the statute in light of its application to this case, see Flipside, 455 U.S. at 495 n.7 (citations omitted), it is clear that the statute adequately informed appellant that the conduct at issue here was illegal,

- 5 -

and provided sufficient guidance for law enforcement officers.  See Walker, 137 F.3d at 1219.

## IV

Finally, we reject appellant's claim that he was denied constitutionally effective assistance of counsel based on counsel's failure to challenge the constitutionality of 18 U.S.C. § 2241(a) and failure to request a jury instruction on the element of "lack of consent."  "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."  See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  This principle is intended to permit development of the factual record by the district court and to give this court the benefit of the district court's views. See id.  Accordingly, we **DISMISS** appellant's ineffective assistance of counsel claims without prejudice.

**AFFIRMED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge