NUMBER
13-01-635-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

 

JEROME LOPEZ,                                                                              Appellant,

 

                                                             v.

 

STATE OF TEXAS,                                                                            Appellee.

 

 

 

                              On
appeal from the 24th District Court

                                         of
DeWitt County, Texas.

 

 

 

                 CONCURRING
MEMORANDUM OPINION[1]

             Before Chief Justice Valdez and
Justices Castillo and Garza

                                                                              

Concurring Memorandum
Opinion by Justice Castillo

 

I join the majority with the granting of counsel's
motion to withdraw.  








I write separately on the issue of whether
Lopez's appeal is frivolous and  without merit because the majority summarily states that this Court independently
reviewed the record for error without explaining what that review
entailed.  I do not believe Penson
permits us to be conclusory in reciting our compliance with our independent
duty under Anders, any more than it permits Anders counsel to
summarily conclude that an appeal is without merit.  See Penson v. Ohio,
488 U.S. 75, 80 (1988); see also Anders v. California,
386 U.S. 738, 744‑45 (1967); High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).  Our duty is to determine whether there are
any arguable grounds for appeal, and to "hand down a written opinion that
is as brief as practicable but that addresses every issue raised and necessary
to final disposition of the appeal." 
Bledsoe v. State, No. PD-300-04, 2005 Tex. Crim. App. LEXIS 1969,
at *6, *10-*11 (Nov. 16, 2005) ; see Tex.
R. App. P. 47.1.

Just as an Anders brief must
provide references to both legal precedent and pages in the record to
demonstrate why there are no arguable grounds to be advanced, High,
573 S.W.2d at 812, similarly, we should inform the parties what we have
done, not just assure them we have done it, and indicate in the opinion
that we considered the issues raised in the briefs and reviewed the
record.  Bledsoe, 2005 Tex. Crim
App. LEXIS 1969, at *11.

INDEPENDENT REVIEW








This is an appeal following a jury trial
in a aggravated sexual assault of a child case. 
The trial court has certified that Lopez has the right
of appeal.  See Tex. R. App. P. 25.2(a)(2).  Accordingly, just as we required of Anders counsel
in this case, I would detail our independent review of the case, including the
indictment, pre-trial motions, voir dire, opening statements, legal and factual
sufficiency of the evidence, the jury charge, closing argument, and the
punishment phase.  See Gearhart v.
State, 122 S.W.3d 459, 465-69 (Tex. App.BCorpus
Christi 2003, pet. ref'd) (detailing independent review undertaken in
appeal following jury trial).  As part of our review under Anders, we
consider the entire record.  Id.
at 464-65.  Moreover, I address the matters counsel has
raised in the appellate brief.

1. Indictment

The indictment properly alleges the
offense of aggravated sexual assault of a child.  See Tex.
Pen. Code Ann. ' 22.021 (a)(1)(B)(i) (Vernon Supp.
2005).  Even if error did exist in the
indictment, the error could not be raised on appeal because Lopez did not file
a pre-trial motion alleging any error in the indictment.  See Tex.
Code Crim. Proc. Ann. art.
1.14(b) (Vernon 2005); see Ex parte Smith, No. PD-0616-04, 2005
Tex. Crim. App. LEXIS 1773, at *12 (Oct. 19, 2005)(en banc).  I find no arguable error in the indictment. 

2. Pre-trial Motions








The record reflects that Lopez's defense counsel
filed numerous pretrial motions and motions in limine.  In advance of trial, Lopez filed two motions
to have his counsel removed, those were not ruled upon prior to the date of
trial.  However, after jury selection but
outside the hearing of the jury, and prior to commencement of the trial, the
trial court heard testimony from Lopez that he had been and continued to be
represented by counsel, that plea offers had been made by the prosecution, that
Lopez discussed them at great length with his attorney, and that Lopez decided
to reject the offers and move forward with the trial.  Other motions favorable to Lopez present
nothing for review.  See Tex. R. App. P. 33.1.  I find no arguable error in the trial court's
pretrial rulings.

3. Voir Dire

A review of the voir dire examination shows that
venire members responded to questioning by the prosecutor and defense
counsel.  The prosecutor and defense
counsel were able to strike veniremen and did strike where appropriate.  The record reflects extensive questioning and
the intelligent exercising of peremptory challenges by counsel regarding jury
selection.  See Barajas v. State,
93 S.W.3d 36, 39 (Tex. Crim. App. 2002). 
I find no arguable error in the voir dire.

4. Opening Statements








A prosecutor's opening statement is authorized by
article 36.01(a)(3) of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 36.01(a)(3) (Vernon Supp.
2005).  The opening statement should
inform the jury of the nature of the accusation and the facts that the State
expects to prove.  See Taylor v. State,
947 S.W.2d 698, 706 (Tex. App.BFort Worth 1997, pet. ref'd) (per curiam).  If improper statements were made, an appellate
court must determine whether, when viewed in conjunction with the record as a
whole, a statement was so prejudicial as to deny appellant a fair trial.  Herrera v. State, 915 S.W.2d 94, 97 (Tex.
App.BSan Antonio 1996, no writ).  We view the improper statements in
conjunction with the record as a whole, and ascertain whether the statement was
so prejudicial as to deny an appellant a fair trial.  Id. 
Similarly, the defendant has the right to make an opening statement.  See Tex.
Code Crim. Proc. Ann. art. 36.01(b) (Vernon Supp. 2005).  

The State presented its opening statement.  Lopez, by choice, did not.  There were no objections made during
prosecution's opening statement, nor were there any improprieties that would
have required objection.  I find no
arguable error in the prosecution's opening statement.    

5. 
Sufficiency of the Evidence

                                                        a.  Standards of Review

                                                          (1).  Legal Sufficiency

A legal-sufficiency challenge calls for appellate
review of the relevant evidence in the light most favorable to the
verdict.  Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004); Swearingen v. State, 101 S.W.3d
89, 95 (Tex. Crim. App. 2003) (en banc). 
We consider all the evidence that sustains the conviction, whether properly
or improperly admitted or whether introduced by the prosecution or the defense,
in determining the legal sufficiency of the evidence.  Conner v. State, 67 S.W.3d 192,
197 (Tex. Crim. App. 2001). 









In a jury trial, legal sufficiency is measured
against the elements of the offense as defined by a hypothetically correct
jury charge for the case.  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997).  A hypothetically
correct jury charge is one that "accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's
burden of proof or unnecessarily restrict the State's theories of
liability, and adequately describes the particular offense for
which the defendant was tried." 
Id.  A hypothetically
correct jury charge  would not simply quote from the controlling
statute.  Gollihar v. State, 46 S.W.3d  243, 254 (Tex. Crim. App.
2001).  Its scope is limited by "the
statutory elements of the offense . . . as modified by the charging
instrument."  Fuller v. State,
73 S.W.3d 250, 254 (Tex. Crim. App. 2002) (en banc) (Keller, J., concurring); Curry
v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).  When a statute lists more than one method of
committing an offense, and the indictment alleges some, but not all, of the
statutorily listed methods, the State is limited to the methods alleged.  Fuller, 73 S.W.3d at 255; Curry, 30
S.W.3d at 404.  This standard of
legal sufficiency ensures that a judgment of acquittal is reserved for those
situations in which there is an actual failure in the State's proof of the
crime.  Malik, 953 S.W.2d at 240.  We then determine if any rational trier of
fact could have found the essential elements of the crime beyond a
reasonable doubt.  Johnson,
23 S.W.3d at 7.  

                                                        (2).  Factual Sufficiency








We also measure the factual sufficiency of the
evidence against a  hypothetically
correct jury charge.  Adi v. State,
94 S.W.3d 124, 131 (Tex. App.CCorpus Christi 2002, pet. ref'd).  The Texas Court of Criminal Appeals has
restated the factual sufficiency standard of review:

There is only one question to be answered in a
factual sufficiency review:  Considering
all of the evidence in a neutral light, was a jury rationally justified in
finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be
insufficient.  First, when considered by
itself, evidence supporting the verdict may be too weak to support the finding
of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict.  Weighing all
the evidence under this balancing scale, the contrary evidence may be strong
enough that the beyond ‑a‑reasonable‑doubt standard could not
have been met, so the guilty verdict should not stand.  This standard acknowledges that evidence of
guilt can "preponderate" in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.  Stated another way, evidence supporting guilt
can "outweigh" the contrary proof and still be factually insufficient
under a beyond‑a‑reasonable‑doubt standard. 

 

Zuniga v. State, 144 S.W.3d 477, 484‑85 (Tex. Crim. App. 2004).  A clearly wrong and unjust verdict occurs
where the jury's finding is "manifestly unjust," "shocks the
conscience," or "clearly demonstrates bias".  Prible v. State, No. AP-74,487, 2005
Tex. Crim. App. LEXIS 110, at *16-*17 (Jan. 26, 2005).    








When the State bears the burden of proof, the proof
of guilt is factually insufficient if it is so obviously weak as to indicate
that a manifest injustice has occurred or if it is greatly outweighed by
contrary proof.  Zuliani v. State,
97 S.W.3d 589, 593‑94 (Tex. Crim. App. 2003).  In determining the factual sufficiency of the
elements of the offense, we view all the evidence neutrally, not through the
prism of "the light most favorable to the prosecution."  Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996)(en banc).  We must consider the most important evidence
that supports appellant's claims on appeal. 
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  We reverse a judgment of conviction only if
proof of guilt is so obviously weak and manifestly unjust or the contrary
evidence is so strong that the

 standard of
proof beyond a reasonable doubt could not have been met.  Prible, 2005 Tex. Crim. App. LEXIS 110,
at*16-*17.    

In conducting a factual sufficiency review, we
review all the evidence.  Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).  In the opinion, we "show our work"
when we consider and address the appellant's main argument for urging
insufficiency of the evidence.  Tex. R. App. P. 47.1; Sims,
99 S.W.3d at 603 ("a proper factual sufficiency review must
include a discussion of the most important and relevant evidence that supports
the appellant's complaint on appeal."). 
This practice benefits the parties, maintains the integrity of the justice
system, and improves appellate practice. 
Id.  

b. Elements of the offenseBaggravated sexual assault

In an aggravated sexual assault case
involving a child as the victim, the following evidentiary requirements must be
met: (1) the State must prove the defendant intentionally or knowingly caused
the penetration of the anus or sexual organ of a child by any means, and (2)
the child is under the age of 14.[2]  Defendant's knowledge of the age of the child
is not required.  United States v.
Ransom, 942 F.2d 775, 777 (10th Cir. 1991); Scott v. State, 36
S.W.3d 240, 241 (Tex. App.BHouston [1st Dist.] 2001 pet ref'd)).








                                          c.  Sufficiency Analysis

                                            (1).  Legal Sufficiency

Viewed in the light most favorable to the
verdict, the testimony of the victim and her mother, as to the acts of the
defendant, established the elements of the offense of aggravated sexual
assault.  I concur with the majority that
the trial court did not abuse its discretion in finding C.M. competent to
testify.  Even without the testimony of
the victim, there was sufficient other evidence, including the letters of
admission written by the defendant from prison to the mother of the victim
that, viewed favorably to the verdict, was sufficient such that any rational
trier of fact could have found beyond a reasonable doubt the essential elements
of the offense.  See Malik, 953 S.W.2d at 240.


(2). 
Factual Sufficiency

Additional evidence, viewed in a neutral
light, showed that Lopez testified and denied that he sexually assaulted the
victim.  He stated that he believed the
victim was lying and the victim's mother was afraid to admit that she lied to
the grand jury  because she feared a
perjury charge.  Viewing the relevant
evidence in a neutral light, favoring neither the prosecution nor Lopez, and
with appropriate deference to the jury's credibility determinations, I would
conclude:  (1) the evidence supporting
the verdict is not too weak to support the jury's finding of guilt beyond a
reasonable doubt; and (2) the weight of the evidence contrary to the
verdict is not so strong that the State could not have met its burden of
proof.  Zuniga, 144 S.W.3d at
484-85.








The evidence is legally and factually
sufficient to sustain the conviction. 
Accordingly, I find no arguable error in the sufficiency of the
evidence.

6. 
The Charge

The record does not show that Lopez
objected to the charge.  Thus, to be
reversible, any error would have to constitute egregious harm.  Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985) (en banc) (op. on reh'g).  I find no arguable egregious error in the
charge.  

                                             7.  Closing Argument

Lopez did not object to the State's
closing argument during either phase of the trial.  Thus, Lopez did not preserve error.  See Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996) (en banc).

                                            8.  Punishment Phase

The record shows that, during the
punishment phase of the trial, Lopez objected to the introduction of prior
offenses but those objections were overruled. 
The standard of review for a trial court's ruling under the rules of
evidence is abuse of discretion. 
Sauceda v. State ,129 S.W.3d 116, 120 (Tex. Crim. App. 2004).  If the ruling was correct on any theory of
law applicable to the case, in light of what was before the trial court at the
time the ruling was made, then we must uphold the judgment.  Id. 
Because prior convictions are admissible for impeachment and to
establish a defendant as a repeat offender during the punishment phase, I
cannot conclude that the trial court abused its discretion in allowing the
evidence of prior convictions.








The record does not establish that Lopez
objected to the imposition of punishment. 
We conclude that he did not preserve any error as to the sentence
imposed by the jury.  See Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc).  Moreover, the sentence assessed was within
the statutorily permissible range and was based on admissible evidence
introduced during the trial.  See
Hawkins v. State, 112 S.W.3d 340 , 345 (Tex. App.BCorpus Christi 2003, no pet.)(citing
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App.
1973)).  I find no arguable error in the
sentencing proceedings.  

                               9.  Ineffective Assistance of Counsel

Lopez asserts that counsel was ineffective
because she did not object to the introduction of testimony of the minor
victim. 

A claim of ineffective assistance of
counsel must be firmly supported in the record. 
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005)  An appellant must show:  (1) his counsel's performance fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that, but for the counsel's
unprofessional errors, the result of the proceeding would be different.  Id. 
We presume counsel's performance was the result of sound or reasonable
trial strategy.  Id., see
Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (en banc). 








When the record is silent regarding the
motivation of counsel's tactical decisions, the defendant cannot overcome the
strong presumption that counsel acted reasonably.  Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001).  In most cases,
the record on direct appeal is insufficient to review claims of ineffective
assistance of counsel.  See Ortiz v.
State, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002) (en banc) ("If
counsel's reasons for his conduct do not appear in the record and there is at
least the possibility that the conduct could have been legitimate trial
strategy, we will defer to counsel's decisions and deny relief on an
ineffective assistance claim on direct appeal.")

Lopez asserts that the trial court erred in
declaring the victim competent to testify and his counsel did not object.  A review of the record reveals that counsel
for Lopez did object and questioned the victim, outside the jury's presence, to
determine the competency of the victim to testify.  Defense counsel questioned the child
extensively to determine if the victim knew the difference between (1) right and
wrong, (2) left and right, (3) truth and lie, as well as (4) whether the victim
understood what taking an oath meant. 
The trial court found that, although the victim might not understand
what taking an oath meant, she was able to tell the truth and was competent to
testify.  I agree with the majority that
the trial court did not abuse its discretion in finding C.M. competent to
testify.








The record contains no evidentiary support for
Lopez's claims of ineffective assistance of counsel.  See Salinas, 163 S.W.3d at 740.  Similarly, in the pro se brief submitted by
Lopez, he fails to cite to any evidence to rebut the presumption he was
adequately represented.  Id.  Thus, on this record, I conclude that Lopez
has failed to establish that his trial counsel was ineffective. 

CONCLUSION

An independent review of the record concludes that
Lopez's appeal is frivolous and that this appeal is without merit.  Accordingly, I concur with the majority's
decision to affirm the judgment.

 

ERRLINDA CASTILLO

Justice

 

Do Not Publish.

Tex. R. App. P. 47.2(b).

 

Concurring Memorandum Opinion delivered and filed

this 12th day of January, 2006.  

 

 

 











[1] See Tex. R. App. P. 47.2, 47.4





[2] Act of May 28, 1999, 76th Leg.,
R.S., ch. 417, _ 1, 1999 Tex. Gen. Laws 2752
(current version at Tex. Pen. Code Ann. ' 22.021 (Vernon Supp. 2005)).