**Delester Ray SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–00609–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 11, 2001.

Ken J. McLean, Houston, for Appellant.

Calvin Hartmann, John B. Holmes, Houston, for the State.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and PRICE.*

## OPINION

SCHNEIDER, Chief Justice.

Appellant entered a negotiated plea to sexual assault of a child, and the trial judge assessed punishment at seven years deferred adjudication. Among the conditions of punishment, appellant must register as a sex offender for life. We affirm.

In appellant's sole point of error, he argues that "the indictment is facially unconstitutional because it does not extend the scienter requirement beyond the sexual act to include knowledge of age of minority, which criminalizes otherwise innocent conduct." In oral argument, appellant represented that his constitutionality claim is under the due process clause.[1] *See* U.S. CONST. amend. V, XIV.

Appellant contends due process requires knowledge of the victim's age under Penal Code section 22.011[2] because of (1) the statute's plain language, as interpreted under *United States v. X–Citement Video, Inc.,* 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994), and (2) the severity of the punishment. We disagree.

To satisfy substantive due process, section 22.011 must rationally further a legitimate governmental interest. *See United States v. Ransom,* 942 F.2d 775, 776–77 (10th Cir.1991) (also holding the absence of a mens rea element of the victim's age in a federal "statutory rape" statute did not violate appellant's due process rights because it protects the health and safety of children). The legislature's

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Appellant also cites the Sixth Amendment in the title of his point of error, but his argument does not explain this constitutionality claim, he cites no authority for it, and he did not identify it in oral argument as a basis for his constitutionality challenge. *See* U.S. CONST. amend. VI. In appellant's Post Argument Memorandum, he reiterates this Sixth Amendment claim without citing any authority. Thus, we will not review it. *See* TEX. R.APP.P. 38(h).

2. TEX.PENAL CODE ANN. § 22.011 (Vernon Supp. 2001).

authority to define an offense includes the power "to exclude elements of knowledge and diligence from its definition." *Lambert v. California,* 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957). To show a due process violation, appellant must demonstrate that the practice adopted by the legislature "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Patterson v. New York,* 432 U.S. 197, 201–02, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281 (1977).

In *X–Citement Video,* an undercover police officer ordered pornographic tapes from a video company starring an underage actress. *See id.,* 513 U.S. at 66–67, 115 S.Ct. at 466. The company and its president were indicted under a federal statute that criminalized the knowing receipt and transportation of child pornography. *See id.* The Supreme Court held that the term "knowingly" in the statute modified the phrase "the use of a minor" and required not only a knowing distribution of the pornographic material, but also knowledge of the performer's age. *Id.,* 513 U.S. at 71–78, 115 S.Ct. at 469–72.

However, the *X–Citement Video* Court also recognized

> the presumption [of mens rea] expressly excepted "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent" .... [because] the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age. The opportunity for reasonable mistake as to age increases significantly once the vic-

tim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver.

*Id.,* 513 U.S. at 72 n. 2, 115 S.Ct. at 469 n. 2 (quoting *Morissette v. United States,* 342 U.S. 246, 251 n. 8, 72 S.Ct. 240, 244 n. 8, 96 L.Ed. 288 (1952)); *see also Duron v. State,* 915 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1996), *aff'd on other grounds,* 956 S.W.2d 547 (Tex.Crim.App.1997). *X–Citement Video* involves situations in which people usually would not confront the performer depicted in the material. *See id.* Appellant, however, personally confronted the underage victim and could have learned her true age. Therefore, *X–Citement Video* is distinguishable.

The majority rule in the United States is that the defendant's knowledge of the victim's age is not an essential element of statutory rape[3] and that this exclusion does not violate due process.[4]

■ For example, the *Ransom* court held

> the statute rationally furthers a legitimate governmental interest. It protects children from sexual abuse by placing the risk of mistake as to a child's age on an older, more mature person who chooses to engage in sexual activity with one who may be young enough to fall within the statute's purview.

*Id.,* 942 F.2d at 777. Likewise, our state legislature has a legitimate interest in protecting the health and safety of our children. We hold section 22.011 does not violate appellant's constitutional due process rights.

■ We also hold that the risk of 20 years imprisonment and registering as a sex offender for life does not render sec-

---

**3.** *See* Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape,* 46 A.L.R. 5th 499, 508 (1997).

**4.** *See United States v. Ransom,* 942 F.2d 775, 776–77 (10th Cir.1991); *State v. Granier,* 765 So.2d 998,.1001 (La.2000); *Owens v. State,* 352 Md. 663, 724 A.2d 43, 48–49 (1999); *State v. Yanez,* 716 A.2d 759, 767 (R.I.1998); *State v. Stokely,* 842 S.W.2d 77, 80–81 (Mo.

1992); *State v. Campbell,* 239 Neb. 14, 473 N.W.2d 420, 425 (1991); *People v. Cash,* 419 Mich. 230, 351 N.W.2d 822, 828 (1984); *Commonwealth v. Miller,* 385 Mass. 521, 432 N.E.2d 463, 466 (1982); *State v. Tague,* 310 N.W.2d 209, 211 (Iowa 1981); *Goodrow v. Perrin,* 119 N.H. 483, 403 A.2d 864, 866–68 (1979); *State v. Martinez,* 14 P.3d 114, 116–117 (Utah App.2000).

tion 22.011 unconstitutional. Courts consider the severity of punishment under a statutory construction analysis, not under a constitutional analysis. *See Staples v. United States*, 511 U.S. 600, 616–19, 114 S.Ct. 1793, 1803–04, 128 L.Ed.2d 608 (1994) (analyzing a penalty's severity as a factor in interpreting legislative intent of a statute and noting a severe penalty suggests that Congress did not intend to eliminate a mens rea requirement); *see also Owens v. State*, 352 Md. 663, 724 A.2d 43, 50–51 (1999) (courts consider whether the severity of punishment includes a mens rea element only under a statutory construction analysis). Appellant admits that the Court of Criminal Appeals has conducted a statutory construction analysis of a similar statute not requiring knowledge of the victim's age and held that statute did not contain a mens rea requirement. *See Johnson v. State*, 967 S.W.2d 848, 849–50 (Tex.Crim.App.1998) (holding the State is not required to show appellant knew the victim was younger than 17 years of age).

We overrule appellant's point of error.

We affirm the judgment.