Opinion issued March 3, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01150-CR

———————————

Jake Robert Jacobs, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 178th District Court

Harris County, Texas



Trial Court Case No. 1119123

 



 

O P I N I O N

          A
jury found appellant Jake Robert Jacobs guilty of sexual assault of a child
younger than seventeen years of age, and assessed a sentence of twenty years’
confinement.  Tex. Penal Code Ann. § 22.01(a)(2)(D) (Vernon Supp.
2010).  In his sole issue on appeal, Jacobs
contends that the trial court erred and committed egregious harm by failing to
instruct the jury that the defendant must know that his victim was under
seventeen years of age during the sexual contact.  Finding no error, we affirm.

Background

          In
the fall of 2004, J.A., who self-identified as gay, was fifteen years old and
in ninth grade.  While socializing with
his friends at a Houston restaurant, he picked up a booklet that listed social
networking sites for gay adults.  He was
able to gain access to one such site by lying about his age.  Through that site, J.A. became acquainted
with Jacobs.  Eventually, J.A. and Jacobs
exchanged telephone numbers.  In the
course of exchanging other details about themselves, Jacobs told J.A. he was
twenty-four years old.  J.A. informed
Jacobs that he was fifteen years old, and said that he was interested in making
new friends before deciding to date anyone.

          After
getting to know each other over the telephone for a few more days, J.A. and
Jacobs decided to meet in person.  J.A.
invited Jacobs to meet him late one weekend night at J.A.’s sister’s house,
where J.A. would be babysitting his niece and nephew.  

          That night,
while J.A.’s niece and nephew were sleeping in another bedroom, Jacobs arrived
at the door with a canned beverage in hand. 
He offered it to J.A., who accepted it while they headed to another room
to sit down and talk.  During the course
of the conversation, J.A. took sips from the can.  He became drowsy and eventually blacked out.  When he came to, J.A. realized that he was
unclothed from the waist down and that Jacobs was sexually assaulting him.  J.A., afraid for the safety of his niece and
nephew, remained still until Jacobs was finished.  Then, J.A. pulled on his boxers and escorted
Jacobs out of the home.  

J.A. returned to his usual high school
schedule that Monday, but when he continued to experience pain from the
assault, he went to the school nurse.  In
response to the nurse’s questions, J.A. explained how the injury occurred.  The school nurse called the campus police
officer and then called J.A.’s mother to take him to the hospital.  On the way, they stopped at home, where J.A.
retrieved the boxers he had worn that night from his dirty laundry.  

When J.A. and his mother arrived at
the hospital, a forensic nurse examined J.A. and gathered physical
evidence.  Testing of the boxers revealed
the presence of Jacobs’ DNA, and J.A. identified Jacobs from a photo.  This evidence led to Jacobs’s arrest.  

Jury Charge Error

Standard of Review

In determining whether there is
reversible error in the jury charge, we first decide whether error exists, and
if error exists, then we determine whether the defendant was harmed.  Middleton
v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994).  Jury charge error to which the defendant did
not object is not harmful and does not require reversal unless the error is so
egregious that the defendant is denied a fair and impartial trial.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  Here, appellant did not object to the jury
charge, and thus, if the charge was erroneous, we must apply the egregious harm
standard.  See id.  The degree of harm
must be evaluated in light of the entire record.  See id.
 Under the egregious harm standard, we
review alleged charge error by considering (1) the entirety of the charge
itself, (2) the evidence, (3) the arguments of counsel, and (4) other relevant
information revealed by the record.  See Sanchez v. State, 209 S.W.3d 117,
121 (Tex. Crim. App. 2006); Almanza,
686 S.W.2d at 171.

Error Analysis

Jacobs was found guilty of sexual
assault of a child.  A person commits sexual
assault of a child if the person, intentionally or knowingly:

(A)         causes the penetration of the anus or sexual organ of a
child by any means;

(B)         causes the penetration of the mouth of a child by the sexual
organ of the actor;

(C)         causes the sexual organ of a child to contact or penetrate
the mouth, anus, or sexual organ of another person, including the actor;

(D)         causes the anus of a child to contact the mouth, anus, or
sexual organ of another person, including the actor; or

(E)          causes the mouth of a child to contact the anus or sexual
organ of another person, including the actor.

Tex. Penal Code Ann.
§ 22.001(a)(2).  For purposes of
this offense, the statute defines “child” as “a person younger than 17 years of
age.”  Id. § 22.001(c)(1).  Relying
on the United States Supreme Court’s decision in Lawrence v. Texas, Jacobs contends that a conviction for sexual
assault of a child requires proof of the additional element of knowing that the
person involved in the sexual contact is a child under seventeen years old, a
scienter requirement that does not exist in the statute.  539 U.S. 558, 123 S. Ct. 2472 (2003).  Lawrence
struck down the Texas statute defining sodomy as deviate sexual intercourse
with another individual of the same sex, holding that the federal
constitution’s due process clause protected homosexuals from government
intrusion into their private, consensual conduct.  Id.
at 578, 123 S. Ct. at 2483–84. 

Lawrence involved
private, consensual sexual conduct between two adults.  See id.
at 564, 123 S. Ct. at 2476.  Jacobs
acknowledges that Texas courts have consistently held that, in prosecuting
sexual offenses committed against children, the State need not prove that the
defendant knew the victim was younger than seventeen years old.  See
Vasquez v. State, 622 S.W.2d 864, 865 (Tex. Crim. App. 1981) (holding that State
must prove in statutory rape case that complainant was under seventeen, but
need not prove defendant knew complainant’s age); Johnson v. State, 967 S.W.2d 848, 849–50 (Tex. Crim. App. 1998)
(holding that State need not show, in proving offense of indecency with child,
that defendant knew complainant was less than seventeen years old).  

The offense with which Jacobs was
charged and found guilty involves sexual contact with a child who, by
definition, is unable to consent to it.  Lawrence does not address such conduct,
nor does it provide any basis for treating the sexual assault of a child of the
same sex as the defendant differently from the sexual assault of a child of the
opposite sex.  Recognizing that the “state
legislature has a legitimate interest in protecting the health and safety of
our children,” we have already held that the federal due process clause does
not require that the defendant have knowledge of the victim’s age as an
essential element of statutory rape.  Scott v. State, 36 S.W.3d 240, 242 (Tex.
App.—Houston [1st Dist.] 2001, no pet.) (citing U.S. Const. amends. V, XIV). 
Consistent with our precedent in Scott,
we hold that the trial court did not err by failing to instruct the jury that it
must find the defendant knew that the victim of the sexual assault was under
seventeen years old before it could find the defendant guilty.  Because the trial court did not err in
omitting the proposed instruction, we need not conduct the egregious harm
analysis.  See Almanza, 686 S.W.2d at 171.




 

Conclusion

          We
hold that the trial court did not err in omitting the proposed
instruction.  We therefore affirm the
judgment of the trial court.

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

Publish.  Tex.
R. App. P. 47.2(b).