Jake Robert JACOBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–09–01150–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 3, 2011.

Rehearing Overruled May 2, 2011.

Discretionary Review Dismissed Aug. 24, 2011.

Michael A. McEnrue, Houston, TX, for Appellant.

Jessica A. McDonald, Assistant District Attorney, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

JANE BLAND, Justice.

A jury found appellant Jake Robert Jacobs guilty of sexual assault of a child younger than seventeen years of age, and assessed a sentence of twenty years' confinement. TEX. PENAL CODE ANN. § 22.01(a)(2)(D) (Vernon Supp.2010). In his sole issue on appeal, Jacobs contends that the trial court erred and committed egregious harm by failing to instruct the jury that the defendant must know that his victim was under seventeen years of age during the sexual contact. Finding no error, we affirm.

## Background

In the fall of 2004, J.A., who self-identified as gay, was fifteen years old and in ninth grade. While socializing with his friends at a Houston restaurant, he picked up a booklet that listed social networking sites for gay adults. He was able to gain access to one such site by lying about his age. Through that site, J.A. became acquainted with Jacobs. Eventually, J.A. and Jacobs exchanged telephone numbers. In the course of exchanging other details about themselves, Jacobs told J.A. he was twenty-four years old. J.A. informed Jacobs that he was fifteen years old, and said that he was interested in making new friends before deciding to date anyone.

After getting to know each other over the telephone for a few more days, J.A. and Jacobs decided to meet in person. J.A. invited Jacobs to meet him late one weekend night at J.A.'s sister's house, where J.A. would be babysitting his niece and nephew.

That night, while J.A.'s niece and nephew were sleeping in another bedroom, Jacobs arrived at the door with a canned beverage in hand. He offered it to J.A., who accepted it while they headed to another room to sit down and talk. During the course of the conversation, J.A. took sips from the can. He became drowsy and eventually blacked out. When he came to, J.A. realized that he was unclothed from the waist down and that Jacobs was sexually assaulting him. J.A., afraid for the safety of his niece and nephew, remained still until Jacobs was finished. Then, J.A. pulled on his boxers and escorted Jacobs out of the home.

J.A. returned to his usual high school schedule that Monday, but when he continued to experience pain from the assault, he went to the school nurse. In response to the nurse's questions, J.A. explained how the injury occurred. The school nurse called the campus police officer and then called J.A.'s mother to take him to the hospital. On the way, they stopped at home, where J.A. retrieved the boxers he had worn that night from his dirty laundry.

When J.A. and his mother arrived at the hospital, a forensic nurse examined J.A. and gathered physical evidence. Testing of the boxers revealed the presence of Jacobs' DNA, and J.A. identified Jacobs from a photo. This evidence led to Jacobs's arrest.

## Jury Charge Error

### Standard of Review

■ In determining whether there is reversible error in the jury charge, we first decide whether error exists, and if error exists, then we determine whether the defendant was harmed. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994). Jury charge error to which the defendant did not object is not harmful and does not require reversal unless the error is so egregious that the defendant is denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Here, appellant did not object to the jury charge, and thus, if the charge was erroneous, we must apply the egregious harm standard. *See id.* The degree of harm must be evaluated in light of the entire record. *See id.* Under the egregious harm standard, we review alleged charge error by considering (1) the entirety of the charge itself, (2) the evidence, (3) the arguments of counsel, and (4) other relevant information

revealed by the record. *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex.Crim.App. 2006); *Almanza*, 686 S.W.2d at 171.

### Error Analysis

■ Jacobs was found guilty of sexual assault of a child. A person commits sexual assault of a child if the person, intentionally or knowingly:

(A) causes the penetration of the anus or sexual organ of a child by any means;

(B) causes the penetration of the mouth of a child by the sexual organ of the actor;

(C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

TEX. PENAL CODE ANN. § 22.011(a)(2). For purposes of this offense, the statute defines "child" as "a person younger than 17 years of age." *Id.* § 22.011(c)(1). Relying on the United States Supreme Court's decision in *Lawrence v. Texas*, Jacobs contends that a conviction for sexual assault of a child requires proof of the additional element of knowing that the person involved in the sexual contact is a child under seventeen years old, a scienter requirement that does not exist in the statute. 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003). *Lawrence* struck down the Texas statute defining sodomy as deviate sexual intercourse with another individual of the same sex, holding that the federal constitution's due process clause protected homosexuals from

government intrusion into their private, consensual conduct. *Id.* at 578, 123 S.Ct. at 2483–84.

*Lawrence* involved private, consensual sexual conduct between two adults. *See id.* at 564, 123 S.Ct. at 2476. Jacobs acknowledges that Texas courts have consistently held that, in prosecuting sexual offenses committed against children, the State need not prove that the defendant knew the victim was younger than seventeen years old. *See Vasquez v. State,* 622 S.W.2d 864, 865 (Tex.Crim.App.1981) (holding that State must prove in statutory rape case that complainant was under seventeen, but need not prove defendant knew complainant's age); *Johnson v. State,* 967 S.W.2d 848, 849–50 (Tex.Crim. App.1998) (holding that State need not show, in proving offense of indecency with child, that defendant knew complainant was less than seventeen years old).

The offense with which Jacobs was charged and found guilty involves sexual contact with a child who, by definition, is unable to consent to it. *Lawrence* does not address such conduct, nor does it provide any basis for treating the sexual assault of a child of the same sex as the defendant differently from the sexual assault of a child of the opposite sex. Recognizing that the "state legislature has a legitimate interest in protecting the health and safety of our children," we have already held that the federal due process clause does not require that the defendant have knowledge of the victim's age as an essential element of statutory rape. *Scott v. State,* 36 S.W.3d 240, 242 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (citing U.S. CONST. amends. V, XIV). Consistent with our precedent in *Scott,* we hold that the trial court did not err by failing to instruct the jury that it must find the defendant knew that the victim of the sexual assault was under seventeen years old

before it could find the defendant guilty. Because the trial court did not err in omitting the proposed instruction, we need not conduct the egregious harm analysis. *See Almanza,* 686 S.W.2d at 171.

### Conclusion

We hold that the trial court did not err in omitting the proposed instruction. We therefore affirm the judgment of the trial court.