**Opinion filed December 15, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00233-CR
_____

## NATHANIEL DAVID JENNINGS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR36978**

## M E M O R A N D U M   O P I N I O N

Nathaniel David Jennings appeals his conviction by a jury of four counts of the offense of sexual assault of a child and three counts of indecency with a child. After finding all of the enhancement paragraphs true, the jury assessed his punishment in all counts at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. The trial court ordered that all of the life sentences were to be served concurrently, except that the life sentences in counts IV and V were to be served consecutively with the life sentences in counts I, III, VI, VII, and VIII. We affirm.

Jennings contends in two issues that (1) Section 12.42(c)(2) of the Texas Penal Code[1] violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Course of Law Clause of Article I, section 19 of the Texas Constitution and (2) the same Penal Code provision violates the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution. We agree with the State that Jennings's real contention with respect to Issue One is that Sections 22.011 and 21.11 of the Texas Penal Code[2] violate the Due Process Clause of the United States Constitution and the Due Course of Law Clause of Article I, section 19 of the Texas Constitution.

As noted, Jennings contends in Issue One that Sections 22.011 and 21.11 violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Course of Law Clause of Article I, section 19 of the Texas Constitution because they do not allow for the defense of deception by the victim as to his or her age. When presented with a challenge to the constitutionality of a statute, we presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Id.* In a facial challenge, Jennings must demonstrate that there is no set of circumstances under which the statute could be held valid. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Rather than making such a showing, he merely points to situations, such as when an actor makes a reasonable investigation as to the complainant's age or when a complainant affirmatively misrepresents his or her age, in support of his argument. The fact that the statute might be invalid in some situations does not establish that there are no circumstances in which the statute could be held valid.

The majority rule in the United States is that the defendant's knowledge of the victim's age is not an element of offenses such as those set forth in Sections 22.011 and 21.11 of the Texas Penal Code and that this exclusion does not violate due process. *Scott v. State*, 36 S.W.3d 240, 242 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). Jennings does not refer us to any evidence that the complainant misrepresented her age to him or that he made a reasonably diligent effort to ascertain her age. He is precluded from presenting a facial challenge to a statute

---

[1]TEX. PENAL CODE ANN. § 12.42(c)(2) (West Supp. 2011).

[2]TEX. PENAL CODE ANN. §§ 21.11, 22.011 (West 2011).

2

based upon an alleged defect when he has not shown that the statute is unconstitutional as to him in his situation. *Santikos*, 836 S.W.2d at 633. The fact that the statute might be unconstitutional as to others is not sufficient. *Id.* Jennings makes no contention that the Due Course of Law Clause of the Texas Constitution affords greater protection than that afforded by the Due Process Clause of the United States Constitution.

In support of his argument, Jennings relies on the California Supreme Court case of *People v. Hernandez*, 393 P.2d 673 (Cal. 1964), and Section 213.6(1) of the Model Penal Code. Jennings has presented no authority showing that Texas has adopted the California court's holding or the Model Penal Code, and we are not aware of any. We overrule Issue One.

Jennings urges in Issue Two that Section 12.42(c)(2) of the Texas Penal Code violates the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution because it is outside the norms of the international community. As previously noted, he was convicted of four counts of sexual assault of a child and three counts of indecency with a child. He had previously been convicted of the offense of indecency with a child. The jury assessed his punishment on each count at life imprisonment. Two of those life sentences are to run consecutively with five others that run concurrently. Jennings contends that he has effectively been sentenced to life without parole because he would not be eligible for parole under this sentence until he is 120 years old. Three consecutive life sentences on convictions of three counts of aggravated sexual assault of a child, without a showing of a prior conviction, has been held to constitute neither a disproportionate sentence nor cruel and unusual punishment. *Williamson v. State*, 175 S.W.3d 522, 525 Tex. App.—Texarkana 2005, no pet.). Based upon that authority, we conclude that Jennings's sentence, as we have described it, does not constitute a disproportionate sentence nor one that constitutes cruel and unusual punishment under either the United States or Texas Constitutions.

Jennings primarily relies upon three United States Supreme Court cases: *Kennedy v. Lousiana*, 554 U.S. 407, 419 (2008); *Furman v. Georgia*, 408 U.S. 238, 302 n.54 (1972); and *Weems v. United States*, 217 U.S. 349 (1910). We find nothing in any of these cases that is inconsistent with either our opinion or *Williamson*.

Jennings argues that his consecutive life sentences are the equivalent of life without parole. He presents numerous international citations to show that a sentence of life without the possibility of parole is outside international norms. Even if his sentence were outside

international norms, he presents no authority showing that we must recognize those international norms, despite what norms in the United States might be, and we are not aware of any.  We overrule Issue Two.

The judgment is affirmed.

PER CURIAM

December 15, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.