Opinion filed December 15,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00233-CR

                                                    __________

 

                         NATHANIEL
DAVID JENNINGS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR36978

 



 

                                            M
E M O R A N D U M   O P I N I O N

Nathaniel David Jennings appeals his conviction by a jury of
four counts of the offense of sexual assault of a child and three counts of
indecency with a child.  After finding all of the enhancement paragraphs true,
the jury assessed his punishment in all counts at life imprisonment in the
Texas Department of Criminal Justice, Institutional Division.  The trial court
ordered that all of the life sentences were to be served concurrently, except
that the life sentences in counts IV and V were to be served consecutively with
the life sentences in counts I, III, VI, VII, and VIII.  We affirm.

            Jennings
contends in two issues that (1) Section 12.42(c)(2) of the Texas Penal Code[1]
violates the Due Process Clause of the Fourteenth Amendment of the United
States Constitution and the Due Course of Law Clause of Article I, section 19
of the Texas Constitution and (2) the same Penal Code provision violates the
Cruel and Unusual Punishment Clause of the Eighth Amendment of the United
States Constitution and Article I, section 13 of the Texas Constitution.  We
agree with the State that Jennings’s real contention with respect to Issue One
is that Sections 22.011 and 21.11 of the Texas Penal Code[2]
violate the Due Process Clause of the United States Constitution and the Due Course
of Law Clause of Article I, section 19 of the Texas Constitution.

            As
noted, Jennings contends in Issue One that Sections 22.011 and 21.11 violate
the Due Process Clause of the Fourteenth Amendment of the United States
Constitution and the Due Course of Law Clause of Article I, section 19 of the
Texas Constitution because they do not allow for the defense of deception by
the victim as to his or her age.  When presented with a challenge to the
constitutionality of a statute, we presume that the statute is valid and that
the legislature has not acted unreasonably or arbitrarily.  Rodriguez v.
State, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).  The burden rests upon the
individual who challenges the statute to establish its unconstitutionality.  Id. 
In a facial challenge, Jennings must demonstrate that there is no set of
circumstances under which the statute could be held valid.  Santikos v.
State, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992).  Rather than making such
a showing, he merely points to situations, such as when an actor makes a
reasonable investigation as to the complainant’s age or when a complainant
affirmatively misrepresents his or her age, in support of his argument.  The
fact that the statute might be invalid in some situations does not establish
that there are no circumstances in which the statute could be held valid.

            The
majority rule in the United States is that the defendant’s knowledge of the
victim’s age is not an element of offenses such as those set forth in Sections
22.011 and 21.11 of the Texas Penal Code and that this exclusion does not
violate due process.  Scott v. State, 36 S.W.3d 240, 242 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d).  Jennings does not refer us to any
evidence that the complainant misrepresented her age to him or that he made a
reasonably diligent effort to ascertain her age.  He is precluded from
presenting a facial challenge to a statute based upon an alleged defect when he
has not shown that the statute is unconstitutional as to him in his situation. 
Santikos, 836 S.W.2d at 633.  The fact that the statute might be
unconstitutional as to others is not sufficient.  Id.  Jennings makes no
contention that the Due Course of Law Clause of the Texas Constitution affords
greater protection than that afforded by the Due Process Clause of the United
States Constitution.      

            In
support of his argument, Jennings relies on the California Supreme Court case
of People v. Hernandez, 393 P.2d 673 (Cal. 1964), and Section 213.6(1)
of the Model Penal Code.  Jennings has presented no authority showing that
Texas has adopted the California court’s holding or the Model Penal Code, and
we are not aware of any.  We overrule Issue One.

          Jennings urges in Issue Two that Section 12.42(c)(2) of
the Texas Penal Code violates the Cruel and Unusual Punishment Clause of the
Eighth Amendment of the United States Constitution and Article I, section 13 of
the Texas Constitution because it is outside the norms of the international
community.  As previously noted, he was convicted of four counts of sexual
assault of a child and three counts of indecency with a child.  He had
previously been convicted of the offense of indecency with a child.  The jury assessed
his punishment on each count at life imprisonment.  Two
of those life sentences are to run consecutively with five others that run
concurrently.  Jennings contends that he has effectively been sentenced to life
without parole because he would not be eligible for parole under this sentence
until he is 120 years old.  Three consecutive life sentences on convictions of
three counts of aggravated sexual assault of a child, without a showing of a
prior conviction, has been held to constitute neither a disproportionate
sentence nor cruel and unusual punishment.  Williamson v.
State, 175 S.W.3d 522, 525 Tex. App.—Texarkana
2005, no pet.).  Based upon that authority, we conclude that Jennings’s
sentence, as we have described it, does not constitute a disproportionate
sentence nor one that constitutes cruel and unusual punishment under either the
United States or Texas Constitutions.  

Jennings primarily
relies upon three United States Supreme Court cases:  Kennedy v. Lousiana, 554 U.S. 407, 419
(2008); Furman v. Georgia, 408 U.S. 238, 302 n.54
(1972); and Weems v. United States, 217 U.S. 349 (1910).  We find nothing in any of these
cases that is inconsistent with either our opinion or Williamson.

            Jennings
argues that his consecutive life sentences are the equivalent of life without
parole.  He presents numerous international citations to show that a sentence
of life without the possibility of parole is outside international norms.  Even
if his sentence were outside international norms, he presents no authority
showing that we must recognize those international norms, despite what norms in
the United States might be, and we are not aware of any.  We overrule Issue Two.

            The judgment is affirmed.

 

                                                                                    PER
CURIAM

 

December 15, 2011

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]









[1]Tex. Penal Code Ann. § 12.42(c)(2) (West Supp. 2011).

 





[2]Tex. Penal Code Ann. §§ 21.11, 22.011 (West 2011).





[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.