**Opinion issued July 30, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00822-CR

_____

**THOMAS WAYNE FLORENCE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 10CR1217**

---

## MEMORANDUM OPINION

A jury found appellant, Thomas Wayne Florence, guilty of sexual assault of

a child and assessed his punishment at seventy years' confinement. Appellant

asserts twenty-four issues on appeal challenging the sufficiency of the evidence,

the constitutionality of Penal Code section 22.011(a)(2), the affidavit supporting

his arrest and search warrants, and certain evidence presented against him, among other complaints.[1]

We affirm.

## Background

In February 2010, A.G., who was sixteen at the time, sought a psychiatric evaluation at Ben Taub Hospital. A blood test performed at the hospital revealed that A.G. was pregnant. A.G. later told a forensic interviewer that it was possible that appellant, who was forty at the time, was the father of her child and that she had had sex with appellant on numerous occasions. A.G.'s child was born in October 2010, and a DNA test identified appellant as the father of the child.

Appellant was indicted for sexual assault of A.G., a child who was younger than seventeen at the time of the assault, by penetration of her sexual organ with his sexual organ. A jury convicted him of sexual assault of A.G. and assessed his punishment at confinement for seventy years. This appeal followed.

---

[1] Appellant filed multiple briefs. Among other documents, appellant filed his "Appellant's Brief" on September 13, 2012; a "Supplement to the Appellant's Brief" on September 24, 2012 raising "issue No. 25"; a second "Appellant's Supplemental Brief [on] Issue No. 25" filed December 13, 2012; and his "Pro Se Appellant's Brief" on October 9, 2012, containing fifty-nine handwritten pages of argument. This Court did not grant appellant leave to file additional briefing in this matter. However, we construe the October 9, 2012 brief as an amended brief replacing the previously filed briefs and address the issues raised in the October 9, 2012 brief. *See* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe.").

## Sufficiency of the Evidence

In his first issue, appellant argues that the evidence was factually insufficient to support his conviction for sexual assault of a child. In part of his second issue, appellant argues that the State did not establish the "intentionally or knowingly element" because it did not establish that he knew A.G. was under the age of seventeen. In his seventh issue, appellant argues that the State alleged an "impossible date" for the date of the sexual assault in the indictment. We construe this as a challenge to the sufficiency of the evidence on this point. Appellant also argues as part of various other issues that he did not commit a "forcible rape" of A.G. We likewise construe this as a challenge to the sufficiency of the evidence.

We review the sufficiency of the evidence using the standard outlined in *Jackson v. Virginia* and its progeny. 443 U.S. 307, 318, 99 S. Ct. 2781, 2788–89 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010). We review all of the evidence admitted at trial in the light most favorable to the jury's verdict and decide whether any rational jury could have found each element of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Appellant was indicted for sexual assault of a child. "A person commits an offense if the person . . . intentionally or knowingly . . . causes the penetration of the anus or sexual organ of a child by any means." TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon 2011). A child is "a person younger than 17 years of

age." *Id.* § 22.011(c)(1). Section 22.011(a)(2) is Texas's strict liability statutory rape statute. *See May v. State*, 919 S.W.2d 422, 424 (Tex. Crim. App. 1996) (construing previous version of statute); *Byrne v. State*, 358 S.W.3d 745, 746–47 (Tex. App.—San Antonio 2011, no pet.) (identifying section 22.011(a)(2)(A) as "Texas's strict liability child sexual assault provision (the statutory rape statute)").

Here, Appellant was indicted as follows:

THOMAS WAYNE FLORENCE on or about the 27th day of FEBRUARY, A.D., 2010, and anterior to the presentment of this indictment in the County of Galveston and State of Texas, did then and there intentionally or knowingly cause the penetration of the sexual organ of [A.G.], a child who was then and there younger than 17 years of age, by Thomas Wayne Florence's sexual organ.

At trial, R.G., the mother of the complainant, A.G., testified that A.G. was born on August 12, 1993. She testified that A.G. was "[v]ery rebellious," had a drug problem, and had run away several times. Starting on January 4, 2010, A.G. ran away from home several times and would be missing for several days each time. R.G. testified that A.G. frequently ran away with a friend, L.R, and that both girls had been located on at least one occasion after the police contacted appellant. In February 2010, following another of A.G.'s disappearances, R.G. received a phone call from Officer C. Garcia, who had been working with A.G., indicating that A.G. and L.R. were at the police station. A.G. was very intoxicated and had threatened to kill herself, so the police advised R.G. to send A.G. to Ben Taub Hospital for a suicide assessment.

4

On the way to the hospital, A.G. confessed to her mother that she might be pregnant. R.G. suspected that appellant might have been involved, but A.G. would not confirm that he was the father. She cried and stated, "Mama, please don't lock him up," and that "he planned this." At the hospital, a blood test confirmed that A.G. was pregnant. A.G. delivered her child on October 22, 2010.

L.R. testified that she saw appellant and A.G. having sex, meaning vaginal intercourse, during the times that she and A.G. had run away and that A.G. was sixteen years old at that time. L.R. also testified that appellant knew that A.G. was sixteen when he had sexual intercourse with her.

Officer Garcia, who had worked on locating A.G. each time she ran away in January and February 2010, testified that he spoke with appellant in January 2010 about locating A.G. and L.R. and told appellant that they were sixteen and fifteen years old, respectively.

Wanette Florence, appellant's wife, testified that appellant admitted having sexual relations with A.G., whom he had met in late January 2010. When she discovered that A.G. was pregnant, appellant told her that there was a "50-50 chance" he was the father of the child.

Amy Smuts, an employee of the University of North Texas Health Science Center in Fort Worth, testified that she tested DNA samples from appellant, A.G., and the baby. She reported that the probability that appellant was the father of

A.G.'s baby was 99.99999995%. Smuts testified that she could say with "scientific certainty" that appellant was the father of A.G.'s baby.

The testimony of these witnesses and the physical evidence is such that a reasonable jury could have determined beyond a reasonable doubt that appellant penetrated the sexual organ of A.G., a child younger than seventeen. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A); *Byrne*, 358 S.W.3d at 746–47. The statute does not require that the assault have been forcible or against the will of the child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A); *Byrne*, 358 S.W.3d at 746–47 (stating that section 22.011(a)(2)(A) is a strict liability sexual assault provision). Likewise, the statute does not require that appellant knew that A.G. was under the age of seventeen. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A); *Byrne*, 358 S.W.3d at 746–47.

The evidence was likewise sufficient to show that the sexual assault occurred at some point on or before the date alleged in indictment. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997) (holding that "on or about" language allows State to prove date other than that alleged in indictment as long as date is anterior to presentment of indictment and within statutory limitations period); *see also* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B) (Vernon 2011) (providing that there is no statutory limitations period for offense of sexual assault of child under section 22.011(a)(2)).

We overrule these issues.

## Constitutionality of Section 22.011

In the remainder of his second issue, appellant argues that Penal Code section 22.011 is unconstitutionally vague, and he challenges the provision's constitutionality on both state and federal grounds. We review the constitutionality of a criminal statute de novo. *Byrne*, 358 S.W.3d at 748. The individual challenging the constitutionality of the statute bears the burden of establishing unconstitutionality. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). We presume that the statute is constitutional and that "the Legislature has not acted unreasonably or arbitrarily." *Id.*; *Byrne*, 358 S.W.3d at 748.

Appellant argues that prosecution under Penal Code section 22.011 violated his equal protection rights because defendants prosecuted under other provisions of the Penal Code can assert the defense of consent while he cannot. Appellant does not argue that persons convicted under section 22.011(a)(2) are a suspect class or that the right to assert a non-statutory defense is a fundamental right. Accordingly, we review section 22.011(a)(2) to determine whether it is rationally related to a legitimate governmental purpose. *Martin v. State*, 335 S.W.3d 867, 878 (Tex. App.—Austin 2011, pet. ref'd) (citing *Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 457–58, 108 S. Ct. 2481, 2487 (1988)). This standard of review is applied under both the federal and state equal protection clauses. *Id.*

7

Through Penal Code section 22.011(a)(2), the Legislature made it a crime to have sex with a child, i.e., a person under seventeen, regardless of the actor's knowledge of the child's age or the consent of child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2); *see also id.* § 22.011(e) (providing affirmative defenses to prosecution under section 22.011(a)(2) if actor was spouse of child or if actor was not more than three years older than child and child was fourteen years of age or older); *May*, 919 S.W.2d at 423 n.1 (noting that Legislature abolished "promiscuity defense" effective September 1, 1994). This law is rationally related to the legitimate governmental purpose of protecting minors from sexual exploitation. *See Byrne*, 358 S.W.3d at 749–51.

Appellant further argues that "the Texas due course of law analysis under the Texas Constitution is different and provides greater protection to [him] than the Due Process Clause of the United States Constitution." He argues generally that "these due process and procedural and substantive due process and due course of law violations" deprived him of his liberty. However, multiple courts of this state, including this one, have held that section 22.011(a)(2) is constitutional under both the Texas and the United States Constitutions. *See Byrne*, 358 S.W.3d at 750–51 (holding, under Texas Constitution, that "[s]trict liability sex crimes are a valid exercise of the state's authority and rationally support a legitimate state interest" and, under Unites States Constitution, that "statute is not arbitrary and capricious

8

because it serves a reasonable state interest by protecting children from sexual assault"); *Scott v. State*, 36 S.W.3d 240, 241–42 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (overruling federal due process challenge, finding section 22.011(a)(2)(A) furthers legitimate state interest and does not offend any fundamental individual right); *Hicks v. State*, 15 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (upholding section 22.011(a)(2)(A) against due course of law challenge). Appellant has not provided any argument or citation to legal authority indicating that the reasoning in these cases does not apply here or overcoming the presumption that the statute is constitutional. *See Rodriguez*, 93 S.W.3d at 69.

We overrule appellant's second issue.

### Motion to Suppress

In his third, fourth, and sixth issues, appellant complains that the affidavit supporting his arrest and search warrants was based on fraud and knowing misrepresentations, and, thus, his DNA was illegally obtained and the trial court abused its discretion in denying his motion to suppress his DNA evidence following his *Franks* hearing.[2] In part of his seventh issue, appellant argues that

---

[2] In *Franks v. Delaware*, the United States Supreme Court held that when "the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a

the affidavit alleges an impossible date—February 26, 2010—for the date of the offense.

We review a trial court's ruling on a *Franks* motion and on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Jones v. State,* 338 S.W.3d 725, 739 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, while we review de novo application-of-law-to-fact questions that do not turn upon credibility and demeanor. *Jones*, 338 S.W.3d at 739; *see Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). When no findings of fact were made, we assume that the trial court made implicit findings of fact that support its ruling, as long as the implicit findings are supported by the record. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).

"An affidavit supporting a search warrant begins with a presumption of validity; thus, the defendant has the burden of making a preliminary showing of deliberate falsehoods in that affidavit before he is entitled to a *Franks* hearing." *Gates v. State*, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003). There is an assumption that the probable cause showing required by the Fourth Amendment be

hearing be held at the defendant's request." 438 U.S. 154, 155–56, 98 S. Ct. 2674, 2676 (1978).

truthful, but that is not to say that every fact in a supporting affidavit must necessarily be correct. *Franks v. Delaware*, 438 U.S. 154, 164–65, 98 S. Ct. 2674, 2681 (1978). Rather, a misstatement in an affidavit that is the result of simple negligence or inadvertence, as opposed to reckless disregard for the truth, will not make the warrant invalid. *See Dancy v. State*, 728 S.W.2d 772, 783 (Tex. Crim. App. 1987).

If the appellant establishes by a preponderance of the evidence that a false statement made knowingly, intentionally, or with reckless disregard for the truth was included in a probable cause affidavit and was material to establish probable cause, the false material must be excised from the affidavit. *Franks*, 438 U.S. at 155–56, 98 S. Ct. at 2676; *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). If the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause were lacking on the face of the affidavit. *Franks*, 438 U.S. at 156, 98 S. Ct. at 2676; *Harris*, 227 S.W.3d at 85.

Here, Officer H. Johnson provided the affidavit that was used to secure an arrest warrant and a search warrant for appellant's DNA. Office Johnson averred that appellant was a suspect in an alleged sexual assault of a child, A.G., and that Officer Johnson, as the affiant, had probable cause to obtain appellant's DNA for the following reasons: Officer Johnson learned from reading Galveston Police

11

Department (GPD) reports that A.G. had run away and had been reported missing; Officer Garcia contacted appellant regarding A.G.'s whereabouts, as he had on previous occasions, and, eventually, A.G. agreed to turn herself in to GPD; A.G. was transported to Ben Taub Hospital for psychiatric evaluation for "drug use, suicidal thoughts and attempts"; Officer Garcia reported that R.G. informed him that she discovered A.G. was pregnant while at the hospital and that A.G. told R.G. appellant was the baby's father; Officer Johnson observed a forensic interview of A.G. on March 9, 2010, in which A.G. stated that appellant might be the father of her baby, that she had had sex with him on multiple occasions, and that "the last time they had sex was on February 26, 2010 . . . at a house in Galveston on a mattress on the floor"; and Officer Johnson had spoken with Wanette Florence, who stated that appellant believed A.G. was eighteen years old. Appellant argued that this affidavit contained deliberate misstatements, falsehoods, and material omissions and that Officer Johnson made it with reckless disregard for its accuracy. On appellant's motion, the trial court held a *Franks* hearing.

At the hearing, appellant introduced the video recording of A.G.'s forensic interview. In the recording, A.G. stated that the last time she had had sex with appellant was after Valentine's Day and that the last time she had seen appellant was February 26, 2010. Officer Johnson agreed that the affidavit contained a misstatement regarding the last time A.G. had had sex with appellant, but she said

12

that she made the mistake in good faith. She testified that the affidavit correctly conveyed to the magistrate that A.G. stated that she had had sex with appellant in February 2010, that she did not include any intentional falsehoods in her affidavit, and that she did not intend to deceive anyone. The trial court overruled appellant's motion to suppress the arrest warrant and the evidence—appellant's DNA—obtained from the search warrant.

Thus, Officer Johnson mistakenly averred that A.G. stated that she had last had sex with appellant on February 26, 2010, when, in fact, A.G. had stated that she had had sex with appellant after Valentine's Day and had last seen appellant on February 26, 2010. However, Officer Johnson testified at the *Franks* hearing that she made this mistake in good faith and did not intend to deceive anyone. The trial court could have found, based on this evidence, that the false statement was not made knowingly, intentionally, or with reckless disregard for the truth. *See Torres*, 182 S.W.3d at 902 (holding that we assume trial court made implicit findings in support of its ruling); *Dancy*, 728 S.W.2d at 783 (holding that misstatement as result of simple negligence or inadvertence will not make warrant invalid).

Furthermore, even excising the allegedly false statement, the affidavit still supports a finding of probable cause because A.G. also stated, as Officer Johnson correctly averred, that appellant was possibly the father of her baby and that she had had sex with appellant on multiple occasions. *See Franks*, 438 U.S. at 155–56,

13

98 S. Ct. at 2676 (holding that affidavit must be voided only if remaining content is insufficient to support probable cause). Regarding his complaint that the affidavit alleged an "impossible date" for the offense, appellant cites no authority that the affidavit was required to allege the exact date of the offense to be valid, and, indeed, the law does not support such a conclusion. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01 (Vernon 2005) (providing requirements for affidavit in support of search warrant). Thus, we conclude that the trial court did not err in denying appellant's motion to suppress the arrest warrant and DNA evidence.

Appellant also argues that the complaint associated with the search warrant did not meet the requirements of Code of Criminal Procedure article 1.23, because it did not state "in the name and authority of the State of Texas nor conclude with against the dignity of the State." However, these requirements pertain to an indictment, not a "complaint." *See id.* art. 1.23 (Vernon 2005). Appellant's indictment contained the statutorily required language.

Finally, appellant argues that the trial court erred in failing to make findings of fact and conclusions of law in denying his motion to suppress. However, appellant does not cite any authority indicating the trial court was required to do so. Rather, when the trial court does not make findings of fact, we assume that it made implicit findings of fact that support its ruling, as long as the findings are supported by the record. *See Torres*, 182 S.W.3d at 902.

14

We overrule appellant's complaints on these issues.

## Alleged Misconduct by the State

In his fifth and eighteenth issues, appellant argues that the State and its agents used illegal methods and investigative procedures and falsified dates and other evidence. He argues generally that his conviction was unlawful and was based on fraud and conspiracy, but the only allegedly false evidence he identifies is Officer's Johnson's affidavit. We have already concluded that the trial court did not err in denying appellant's motion to suppress the DNA evidence obtained with the search warrant based on Johnson's affidavit. These issues are overruled.

In his ninth issue, appellant generally claims that fundamental errors by the trial court harmed him and denied him a fair trial "based on fraud." He argues generally that "the entire record . . . shows clear plain errors. . . ." This issue is waived for failure to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i).

In his twenty-first issue, appellant argues that "the State committed grand jury fraud to obtain the illegal indictment with null and void pleadings." We have already addressed appellant's complaints regarding Officer Johnson's affidavit and overruled his complaints on that issue. To the extent he is asserting a different argument, this issue is likewise waived for failure to adequately brief it. *See id.*

15

**Admissibility of State's DNA Evidence**

In his eighth, seventeenth, and twenty-second issues, appellant challenges the trial court's ruling admitting the State's DNA evidence through the testimony of Amy Smuts. He contends that the DNA evidence was inadmissible, that Smuts was an unqualified forensic identification expert, and that the trial court "abused its discretion in applying *Kelly* and *Daubert*."

We review a trial court's ruling admitting or excluding evidence for an abuse of discretion, and we will uphold the ruling if it is supported by the record and is correct under any legal theory applicable to the case. *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). In its position as gatekeeper of scientific evidence, the trial court has discretion in determining the relevance and reliability of expert testimony. *Kelly v. State*, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992); *see also Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005) (holding that when subject of expert's testimony is "hard" scientific knowledge, basis of testimony must be grounded in accepted methods and procedures of science and must meet three criteria: (1) underlying scientific theory must be valid; (2) technique applying theory must be valid; and (3) technique must have been properly applied on occasion in question).

The record here shows that the trial court conducted a hearing outside the jury's presence to determine the admissibility of Smuts' testimony. At the hearing,

Smuts, who is a forensic analyst at the University of North Texas Health Science Center in Fort Worth, testified that she has a master's degree in molecular biology, attended continuing education in her field of expertise, wrote papers and made presentations on the topic of DNA analysis, and had extensive on-the-job training. She testified regarding the process she used to test the DNA evidence presented in the case and the methodology she used to prepare the reports and reach her conclusions. She stated that the methodology was consistent with procedures and practices used in her field and routinely presented as evidence in court. Finally, Smuts testified that the forensic laboratory where she works and where the DNA tests for this case were conducted is accredited by Forensic Quality Services and by the Texas Department of Public Safety and that the laboratory also meets the applicable federal standards.

Thus, we conclude that the trial court did not err in determining under the *Kelly* standard that Smuts' testimony was grounded in accepted methods and procedures of science and that the scientific theory underlying her testimony was valid, her technique applying the theory was valid, and the technique was, in fact, properly applied in this case. *See Russeau*, 171 S.W.3d at 881; *Kelly*, 824 S.W.2d at 572. Appellant points out that Smuts' laboratory was not accredited by the American Association of Blood Banks; however, this fact is irrelevant given the

17

other evidence of reliability and validity of the theory and techniques Smuts employed in this case.

In his twelfth issue, appellant also argues that the DNA evidence was inadmissible because the State failed to establish the chain of custody for all three DNA samples and had "fabricated DNA documentation" regarding DNA samples taken from A.G. and her child. Appellant failed to object on this basis in the trial court, so this issue is not preserved for consideration on appeal. *See* TEX. R. APP. P. 33.1 (providing that specific objection before trial court is required to preserve issue for review on appeal).

We overrule these issues.

## Motion for Continuance

In his tenth and fourteenth issues, appellant argues that the trial court erred in denying his motions for continuance because he needed more time to prepare his case once the trial court ruled that he could proceed pro se.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). Appellant must show that he was actually prejudiced by the denial of his motion. *See id.* The record must show "with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had." *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010); *see also* TEX.

18

CODE CRIM. PROC. ANN. art. 29.06 (Vernon 2006) (providing that when motion for continuance is based on absent witness, defendant must show that he exercised diligence to procure witness's attendance, he has not consented to absence of witness, and he is not making motion for delay, and he must set forth facts he expects witness to prove).

Appellant filed two motions for continuance. One asserted that he required more time to obtain his own DNA expert witness. The second asserted that he needed more time to obtain the testimony of various Ben Taub employees, whom he had subpoenaed the week before trial, and that he was surprised mid-trial by receiving an additional sixty-seven pages of medical records regarding A.G.'s pregnancy. Appellant has failed to demonstrate in the record "with considerable specificity" how he was harmed by the absence of more preparation time. He provided no evidence of what testimony he expected from the Ben Taub employees, the specific facts he expected his DNA expert would prove, or how more extensive medical records or more time to examine those produced would have supported his cause. *See Gonzales*, 304 S.W.3d at 842; *see also* TEX. CODE CRIM. PROC. ANN. art. 29.06 (providing showing required for motion for continuance based on absent witness).

We conclude that the trial court did not abuse its discretion in denying appellant's motions for continuance.

19

Appellant also argues that he was effectively denied the right to have his own DNA expert witness, and, in his thirteenth issue, he argues that the denial of his own DNA expert witness violated his Fourteenth Amendment rights. These arguments are groundless, as the record demonstrates that the trial court granted two motions allowing appellant to have an expert test the DNA. The record is devoid of any evidence that appellant actually attempted to secure an expert before trial, even though the trial court had granted both his request to have an expert test the DNA and his request to appoint an investigator to help him obtain witnesses for trial. *See Nwosoucha v. State*, 325 S.W.3d 816, 826–27 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (holding that appellant failed to show entitlement to continuance where record was "devoid of any indication she attempted to secure [the expert's] presence" for trial).

In his sixteenth issue, appellant argues that he was "denied and impeded" from obtaining evidence from or access to "Ben Taub medical staff." However, appellant does not assert any affirmative act of the trial court, other than the denial of the motions for continuance, that prevented him from obtaining the evidence he sought. As we have already discussed, the trial court granted his requests to appoint an investigator and for DNA testing, and the trial court did not err in denying appellant's motions for continuance.

These issues are overruled.

20

**Motions for Mistrial and New Trial**

In his eleventh issue, appellant argues that the trial court erred in denying his motion for mistrial. He argues that he was entitled to a mistrial because Officer Johnson "perjured herself regarding the collection of [his] DNA."

We review motions for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Although the State may not obtain a conviction through the use of perjured testimony, the appellant bears the burden of showing that the testimony used by the State was in fact perjured. *Losada v. State*, 721 S.W.2d 305, 311 (Tex. Crim. App. 1986). Discrepancies in testimony alone do not establish perjury. *Id.* at 312.

Here, appellant complains that Officer Johnson perjured herself by testifying that she collected appellant's DNA and placed the swab in a white bag, when the video of his DNA collection showed that Johnson put the swab into a clear plastic bag. Other officers also testified that the DNA evidence was placed in a "clear" bag. However, appellant has failed to show this discrepancy in testimony amounted to perjury. *See id.* We conclude that the trial court did not abuse its discretion in denying the motion for mistrial on this ground.

In his fifteenth issue, appellant argues that the trial court abused its discretion in denying him the right to present and argue his pro se motion for new trial. We construe this as an argument that the trial court erred in failing to hold a

hearing, as the record indicates that appellant was allowed to file, and did file, a pro se motion for new trial asserting that the probable cause affidavit and complaint were defective, that the trial court was biased for denying his motion for continuance, that the prosecutors committed misconduct, that the jury charge was invalid, that he was denied access to witnesses, and that Officer Johnson violated his due process rights. Appellant did not present an affidavit or any other sworn evidence with his motion for new trial.

A trial court abuses its discretion in failing to hold a hearing on a motion for new trial when the motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). Here, none of appellant's issues raised in his motion for new trial meet both prongs of this test, as they generally asserted arguments that were determinable from evidence already contained in the trial record, and he failed to support his motion for new trial with an affidavit specifically setting out the factual basis for his claims. *See id.*; *see also Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (holding that to establish existence of reasonable grounds showing he could be entitled to relief defendant is required to support his motion for new trial with affidavit, either of defendant or someone else, specifically setting out factual basis for claim).

22

We overrule these issues.

## Jury Charge

In his nineteenth issue, appellant argues that the jury charge was unconstitutional because "the State used impossible dates of the alleged sexual assault." The jury charge, like the indictment, stated that appellant allegedly committed the offense "on or about the 27th day of February, A.D., 2010." As we discussed above in our analysis of the sufficiency of the evidence, the "on or about" language permitted the State to prove that the offense occurred on any date prior to the presentment of the indictment and within the statutory limitations period. *See Sledge*, 953 S.W.2d at 256. Thus, we conclude that the inclusion of the "on or about" date in the jury charge did not constitute error in the jury charge. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012) (holding that, in reviewing jury charge, we first determine whether error occurred; if no error occurred, our analysis ends).

Appellant also argues generally that the "charge was an instrument of oppressive oppression to defraud the jury." This issue is waived for failure to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i).

23

**Ineffective Assistance**

In his twentieth issue, appellant argues that his former attorneys were ineffective. The trial court appointed multiple attorneys to represent appellant in the course of the underlying proceeding. Appellant proceeded to trial pro se, with an appointed "stand-by" attorney. He argues that the attorneys who represented him prior to trial withheld evidence and assisted the State in suppressing evidence. Any allegation of ineffective assistance of counsel must be affirmatively supported by the record. *Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). The record here contains no evidence that any of the attorneys who represented appellant prior to trial withheld or suppressed evidence or acted in concert with the State to do so. This issue is overruled.[3]

---

[3]    Appellant also includes an "issue 22," which he states was "raised supra" on page thirty of his brief, and issues 23 and 24, for which he states only, "waive with court." Thus, we do not address these issues separately. *See* TEX. R. APP. P. 38.1.

## Conclusion

We affirm the judgment of the trial court. All pending motions are dismissed as moot.[4]

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] Appellant also filed numerous motions in this case, asking that we take judicial notice of various facts, asserting the application of various rules of procedure and law, and seeking other rulings related to the prosecution of this appeal. We considered all facts from the record and all arguments properly raised by the parties that were necessary to determine the issues on appeal. *See* TEX. R. APP. P. 47.1.